THOMPSON, *Appellant,*
*v.*
WEAVER, *Respondent.*
(419-181, SC 24558)
560 P2d 620

William F. Schulte, Portland, argued the cause and filed briefs for appellant.

Glenn H. Prohaska of Day & Prohaska, Portland, argued the cause for respondent. Michael S. Sommers on the brief.

Before Denecke, Chief Justice, Bryson, Linde, and Mengler, Justices.

LINDE, J.

## LINDE, J.

Plaintiff won a verdict for injuries sustained when he helped defendant set a mobile home on foundation blocks by what the jury found to be a negligent procedure. The jury found plaintiff's injury to be 75 per cent the fault of defendant and 25 per cent plaintiff's own fault. The trial court entered judgment for defendant notwithstanding the verdict, and plaintiff appeals. The issue is whether the 1975 statute abolishing "implied assumption of the risk," ORS 18.475, forecloses defendant's argument that he owed plaintiff no duty of due care under the circumstances. We hold that the statute does foreclose that defense here and remand the case with instruction to enter judgment for the plaintiff.

The circumstances were these: Weaver, the defendant, had elected to set up his mobile home with the aid of two acquaintances in order to save the cost of having the job done professionally. He decided to do so by raising the mobile home on a number of jacks, placing the foundation blocks under it, and then setting it down by lowering the jacks in sequence. Thompson, the plaintiff, came upon the scene to deliver some mail to one of defendant's helpers. He made available a jack from his pickup truck and assisted in the project for several hours. He got under the mobile home to hook up the sewage disposal system. When the men tried to lower the jacks in sequence, the mobile home slipped off, and Thompson sustained a fractured vertebra.

It is undisputed that the jury could find from the evidence that the work was done under defendant's direction and for his benefit, that his choice of procedure was needlessly dangerous, and that he had been told of safer ways to do the job. It is also undisputed that the jury could find that plaintiff had himself been negligent, as they did find to the extent of 25 per cent of his damages. However, defendant argues that no issue of comparative negligence could properly go to

the jury in this case because the facts support no duty by defendant to take care for plaintiff's safety. Since this claim is based on plaintiff's knowing participation in the dangerous procedure, it calls for relating the concept of "duty" to the abolished defense of assumption of risk.

The first version of this abolition occurred with the adoption of Oregon's comparative negligence statute in 1971. The statute provided that plaintiff's recovery of damages for negligence would no longer be barred by his own contributory negligence, "including assumption of the risk," if defendant's negligence played a greater part in causing plaintiff's injury. Oregon Laws 1971, ch 668.[1] Before its enactment, recent decisions of this court had begun to distinguish situations in which the court regarded assumption of risk as a form of contributory negligence from other situations where it did not. *Ritter v. Beals,* 225 Or 504, 358 P2d 1080 (1961) held, in a widely noted opinion, that when an employee had been injured in using a ramp after expressing misgivings about its safety, the jury should be instructed only on the issue of her possible contributory negligence and not also on assumption of risk. The opinion cited *Bockman v. Mitchell Bros. Truck Lines,* 213 Or 88, 320 P2d 266, 69 ALR2d 152 (1958), to show that outside an employment relationship, too, plaintiff's remaining in a known hazardous position created by defendant is a form of contributory negligence, of which "assumption of the risk" is merely a convenient but inexact statement. On the other hand, the *Ritter* opinion distinguished *Hunt v. Portland Baseball Club,* 207 Or 337, 296 P2d 495 (1956), in which a spectator had been struck by a foul

---

[1]ORS 18.470 (1973):

"Contributory negligence, including assumption of the risk, shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property if such negligence contributing to the injury was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of such negligence attributable to the person recovering."

ball, as a true case of an implied assumption of the risk, by virtue of which the defendant was relieved of any duty to prevent foul balls from flying in plaintiff's direction. 225 Or at 514, 358 P2d at 1084-1085. One year after *Ritter*, the court held that an instruction on assumption of risk was proper when it was premised on a jury finding that plaintiff had assumed the role of inspecting and supervising the construction project on which he was injured, *Renner v. Kinney,* 231 Or 553, 373 P2d 668 (1962), and that a high school football player assumed the risk inherent in being tackled, *Vendrell v. School District 26C, Malheur Co.,* 233 Or 1, 376 P2d 406 (1962). That case was later followed to relieve one motorcyclist from liability to another while engaged in the sport of hill-climbing, the court allowing instructions both on plaintiff's burden to show breach of a duty and on assumption of risk "in order to more fully educate the jury." *Franks v. Smith,* 251 Or 98, 444 P2d 954 (1968).

These and other opinions could be understood to adopt the distinction urged by Harper and James[2] between assumption of risk in a "primary" and a "secondary" sense, and they were so understood. See Note, 46 Or L Rev 219 (1967), reviewing *Ritter v. Beals* and the subsequent cases. Thus, when the 1971 statute substituted comparative negligence for the defense of "contributory negligence, including assumption of the risk," that statute might reasonably be read to abolish "assumption of the risk" as a complete defense only insofar as it was a form of contributory negligence, and to leave the defense intact when a defendant denies any duty to a plaintiff who chooses to participate in a voluntary activity whose dangers are known to him as well as to the defendant.[3] While this court has not had occasion to address the question under the 1971 statute, the Court of Appeals did so read the statute in *Becker v. Beaverton School District No. 48,*

---

[2] 2 Harper and James, The Law of Torts 1162, §21.1 (1956).

[3] See Comment, *Comparative Negligence in Oregon: A New Era in Tort Law,* 8 Will L J 37 (1972).

25 Or App 879, 551 P2d 498 (1976). The court construed a defense pleading to allege assumption of the risk "in its primary sense" and declined to hold that it should have been stricken. However, Chief Judge Schwab's opinion commented that the 1975 revision of the statute "apparently made this issue academic by abolishing implied assumption of the risk." 25 Or App at 883, n. 3, 551 P2d at 501. We agree.

■ The 1975 legislature made a number of changes in the statute.[4] The one of importance here is that the 1975 law removes assumption of risk from its identification as a subspecies of contributory negligence. Instead, the law places it in a new section which declares flatly: "The doctrine of implied assumption of the risk is abolished." ORS 18.475.[5] The change became effective for all cases tried on or after September 13, 1975. Oregon Laws 1975, ch 599, § 6. The statute makes no distinction whether a plaintiff's implied assumption of risk is regarded as a form of negligence on his part or whether his implied assumption of the risk is claimed to excuse defendant for risks that would be his "fault" vis-a-vis other persons in plaintiff's position. Implied assumption of the risk is abolished as a basis for barring recovery on either theory.

---

[4] ORS 18.470 (1975):

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. This section is not intended to create or abolish any defense."

A comparison with the earlier version, supra note 1, shows that "negligence" has been eliminated and "fault" substituted as the element to be compared, that the comparison is with the combined fault of several defendants as well as a single defendant, and that plaintiff can recover proportionally unless his fault is "greater than" rather than "as great as" defendants' fault.

[5] ORS 18.475:

"(1) The doctrine of last clear chance is abolished.

"(2) The doctrine of implied assumption of the risk is abolished."

██ Apart from the fact that this change obviously leaves a defense based on verbally expressed consent or waiver, we need not pursue here what it means for other situations where a plaintiff has agreed to join in an activity (such as a sporting event) in which the particular hazard is a known element of the activity even when properly conducted, i.e. when dangerous conduct that would be "fault" in other contexts is not fault at all.[6] That is not the present case. In this case there is no doubt that defendant's claim of "no duty" is premised on Thompson's voluntarily getting under the improperly jacked-up mobile home. If the mobile home had slipped off and struck any other bystander, for instance a postman rather than plaintiff who had come to the site to deliver the mail, the jury could certainly find defendant at fault for the way the job was undertaken and carried out. If defendant is not equally at fault toward Thompson, it can only be because Thompson placed himself into the range of the visible danger, that is, implicitly assumed the risk. But that defense has been abolished in favor of letting the jury assess the relative fault of the parties. The statute cannot be circumvented by restating as an absence of duty what was previously implied assumption of the risk.

Reversed.

---

[6] A Comment, *Comparative Negligence Legislation: Continuing Controversy Over the Doctrine of Assumption of the Risk in Oregon,* 53 Or L Rev 79 (1973), published before the statutory revision, discussed some of the implications of abrogating assumption of the risk.