Argued September 8, reversed and remanded December 20, 1977

HORNBECK, *Appellant,*
*v.*
WESTERN STATES FIRE APPARATUS, INC.,
*Respondent.*
(TC 44182, SC 24810)
572 P2d 620

James W. Walton of Ringo, Walton & Eves, P.C., Corvallis, argued the cause and filed briefs for appellant.

Asa Lewelling, Salem, argued the cause and filed a brief for respondent.

Raymond J. Conboy, Dan O'Leary, Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland, filed a brief for Oregon Trial Lawyers Association as amicus curiae.

LINDE, J.

**LINDE, J.**

Plaintiff, a firefighter for the City of Albany Fire Department, was injured in a fall from a fire truck designed and manufactured by defendant. He brought this action for damages against defendant, alleging, first, that defects of design and manufacture made the truck unreasonably dangerous for its intended use because the horizontal bar furnished as a handhold for firemen riding the rear footboard was placed too low, and second, that defendant was negligent in failing to design and provide a more adequate handhold. A jury trial resulted in a verdict for defendant on both counts. On appeal, plaintiff assigns as error a number of rulings of the trial court. The most important concerns the submission of a defense of assumption of risk to the jury, and it requires reversal and a new trial.

Defendant's answer to plaintiff's complaint pleaded both that plaintiff was contributorily negligent in a number of respects and that "[p]laintiff assumed the risk of falling from the rear of said fire apparatus." A motion by plaintiff to withdraw defendant's plea of assumption of risk from the jury was denied. Thereafter the court instructed the jury on that defense as follows:

> Now, turning to the pleading of assumption of risk, which is a defense which is not applicable to the second cause of action based on negligence but is applicable to the cause of action based on strict liability, you are instructed as follows. I instruct you that in order for the defendant to prevail on the defense of assumption of risk by the plaintiff, he must show that all the following conditions occurred:
>
> One. That the plaintiff himself actually knew and appreciated the risk or danger created by the defect.
>
> Two. That the plaintiff voluntarily encountered the risk while realizing the danger.
>
> Three. That the plaintiff's decision to voluntarily encounter the known risk was unreasonable.
>
> If you find that any one of these elements does not

exist in this case, then the defendant has not proved his defense of assumption of risk.

In considering the defendant's defense of assumption of risk, you are to consider all the circumstances and conditions facing the plaintiff at the time and place of his injury. In doing so, you are to consider his working conditions, his obligation to do his job, and the instructions he had received in connection therewith.

The three conditions stated in this instruction were taken from this court's opinion in *Johnson v. Clark Equip. Co.,* 274 Or 403, 409, 547 P2d 132, 138 (1976), and were designed to articulate that version of the defense which the American Law Institute considers applicable to actions based on strict liability, including liability for defective products. *See* Restatement of Torts 2d §402A, Comment *n,* §524; *Findlay v. Copeland Lumber Co.,* 265 Or 300, 509 P2d 28 (1973). However, in *Johnson* the court drew attention to the fact that the case was tried before the 1975 revision of ORS 18.470 and addition of ORS 18.475, which abolished implied assumption of the risk in Oregon.[1] 274 Or at 409 n 3.

The present case is the first to involve the point foreshadowed in *Johnson,* the application of ORS 18.475 to a claim based on an allegedly defective product. Defendant does not really deny that the 1975 revision which explicitly abolished the defense of implied assumption of the risk also precluded this defense in a products liability case. Rather, defendant argues that the challenged instruction put to the jury an issue of what defendant calls "actual assumption of the risk as distinguished from implied," and that there was sufficient evidence of plaintiff's knowledge concerning the height of the horizontal bar to submit such an issue of "actual assumption of the risk" to the jury.

■■ If ORS 18.475 were construed to allow "actual" assumption of the risk to be implied from the fact that

---

[1] ORS 18.475(2):

The doctrine of implied assumption of the risk is abolished.

a plaintiff acted with knowledge of a risk, this would practically negate the abolition of "implied" assumption of the risk. We are no longer concerned with earlier distinctions between implied assumption of the risk in a "primary" and a "secondary" sense. The defense has been abolished in any form. *Thompson v. Weaver,* 277 Or 299, 303-305, 560 P2d 620, 622-623 (1977). According to *Thompson,* the elimination of implied assumption of the risk leaves only a defense based on some form of knowing consent or waiver expressed between the parties, or perhaps based on plaintiff's agreement to join in a sport or similar activity in which the particular risk is a known element of the activity when properly conducted. In the second kind of activity, the defense really negates that a defendant's conduct which might be fault in other contexts is fault at all, rather than implying that plaintiff forgave the fault in advance. *Id.* at 305. But an employee's use of unsafe equipment in his job (assuming this claim is otherwise made out) is remote from this latter kind of activity, and there is no evidence of any express assumption of the risk by plaintiff in this case. In the absence of such evidence, no such defense could properly be submitted to the jury.

■ Defendant contends that the jury verdict in its favor should nevertheless be sustained because it implicitly found no liability irrespective of the defense of assumption of risk. The case was submitted on a special verdict form asking the jury to make separate findings on plaintiff's two "causes of action," the first based on products liability and the second on negligence.[2] The pertinent findings were these:

    I. Upon plaintiff's first cause of action we find as follows:

        a. For the plaintiff _____

---

[2]I. Upon plaintiff's first cause of action we find as follows:
    a. For the plaintiff _____
    b. For the defendant _____

b. For the defendant  <u>YES</u>

II. Upon plaintiff's second cause of action you will answer the following questions:

    1. Was the defendant negligent as alleged in plaintiff's complaint which caused injury to plaintiff?

ANSWER: <u>NO</u>  (answer yes or no)

Defendant's contention seems to be that, since the jury found that defendant was not negligent in its design and construction of the horizontal handhold bar, the jury must also have found that this bar was not unreasonably dangerous when it decided for defendant on the products liability claim. But that is speculation, plausible or not. Our cases rest on the assumption that a properly instructed jury can draw a distinction between a defectively designed product and a negligently designed one. *See Newman v. Utility Trailer and Equip. Co.,* 278 Or 395, 564 P2d 674 (1977). Moreover, the jury's answer to the first question could as readily reflect the erroneous instructions concerning assumption of the risk, since the verdict form did not separate the issues under the first "cause of action." Under the circumstances, the products liability cause of action must be returned to the circuit court for a new trial.

Reversed and remanded.

---

II. Upon plaintiff's second cause of action you will answer the following questions:

    1. Was the defendant negligent as alleged in plaintiff's complaint which caused injury to plaintiff?

ANSWER: _____ (answer yes or no)

If your answer to question II-1 is "no", and your answer is Ib above, this completes your deliberations and your foreman should sign these special findings, omitting questions 2, 3 and 4.

If your answer to question II-1 is "yes", proceed to answer question 2.

    2. Was the plaintiff negligent in one or more of the respects alleged in defendant's answer which contributed to cause injury to plaintiff:

ANSWER: _____ (answer yes or no)

If your answer to question 2 is "no", proceed to answer question 4, omitting question 3.

If your answer to question 2 i[s] "yes", proceed to answer question 3.

3. What percentage did the negligence of each contribute to cause the injury?

ANSWER: Defendant _____%

Plaintiff _____%

If you find the negligence of defendant contributed less than 50% to cause the injury and your answer has been Ib, this completes your deliberations and your foreman should sign these special findings, omitting question 4.

If you find the negligence of defendant contributed 50% or more to cause the injury or your answer is Ia, proceed to answer question 4.

4. Regardless of your answers to question Ia, Ib, 2 and 3, what are plaintiff's total money damages?

General: $ _____

Special: $ _____