Argued and submitted May 21,
reversed and remanded September 2, 1980

# BLAIR,
## *Appellant,*
*v.*
# MT. HOOD MEADOWS DEVELOPMENT CORP.,
## *Respondent.*
## (No. A7708-10780, CA 13331)
### 616 P2d 535

Leslie M. Roberts, Portland, argued the cause and submitted the briefs for appellant. With her on the reply brief was Kell, Alterman & Runstein, Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were Darrel L. Johnson and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

### WARDEN, J.

Plaintiff was injured in a fall while skiing at defendant's ski facility on Mt. Hood. He brought this action in negligence against defendant and now appeals the jury's verdict for defendant.

He assigns as error the court's instruction to the jury regarding assumption of risk and the court's refusal to instruct the jury that plaintiff was an invitee at the time of the accident.

Plaintiff had spent a morning skiing on various runs prepared by defendant at its facility. He and a companion agreed to go to the lodge. They chose to go down the North Canyon Run, which plaintiff had never skied. From the starting point of the run the lodge was visible straight ahead down the slope. The run was not a straight path to the lodge, however. The lower part branched sharply to the right and to the left. Plaintiff, unaware of this, skied straight toward the lodge, past the turns. He skied, or fell, into a gully separating the run from the lodge and landed in a creek bed.

Plaintiff first argues that the trial court erred in the giving of the following instruction on assumption of the risk:

"Sports activities involve some risks. Every person who takes part in a sport accepts and submits himself to the dangers that are inherent or a reasonable part of that sport."

Plaintiff excepted, stating in part:

" 'I think the instruction went to the effect that all sports include risk. That was not the part that was objectionable. The part that was objectionable was that Plaintiff assumes any risk inherent in a sport.

" 'I believe that amounts, in essence, if the jury follows it, to a directed verdict for the Defendant. There is no question the skiing into a creek-ravine is an inherent risk. I don't think those are the risks that legally the Plaintiff assumes.

" 'I think he assumes those risks inherent which are the type intended [or] the type apparent or the

type that are obvious. I think that was the instruction requested by the Defendant and I think at that point that is probably an accurate statement of the law, but I think the Court instructed the jury and we would object to the instruction that the Plaintiff assumes any risk inherent in a sport.' "

The giving of the above-quoted instruction was error requiring reversal.

We are not concerned in this case with implied assumption of risk which was abolished by the 1975 Oregon legislature.[1] The type of assumption of risk in issue in this case is a defense "based on plaintiff's agreement to join in a sport or similar activity in which the particular risk is a known element of the activity when properly conducted. * * *[T]he defense really negates that a defendant's conduct which might be fault in other contexts is fault at all, rather than implying that plaintiff forgave the fault in advance." *Hornbeck v. Western States Fire Apparatus,* 280 Or 647, 572 P2d 620 (1977).

Justice Cardozo stated the principle in a classic case involving a fall in an amusement park attraction known as "The Flopper":

"A fall was foreseen as one of the risks of the adventure. There would have been no point to the whole thing, no adventure about it, if the risk had not been there.* * *One who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball." *Murphy v. Steeplechase Amusement Co.,* 250 NY 479, 166 NE 173, 174 (1929).

In *Vendrell v. Sch. Dist. 26C, Malheur Co.,* 233 Or 1, 376 P2d 406, 414 (1962) the Supreme Court, in concluding that defendant's football coaching staff was not negligent in conducting Nyssa High School's football program stated:

---

[1] ORS 18.475(2) provides: "The doctrine of implied assumption of the risk is abolished."

"The risk of injury that was inherent in being tackled was obvious. The plaintiff was thoroughly familiar with it* * * *[W]e believe that the plaintiff assumed all of the obvious risks."

██ ██   The instruction given by the court here said, in effect, that a defendant who runs a sports program or sports facility owes no duty to guard a participant against those dangers which are inherent in, or a reasonable part of, the sport. That states the principle too broadly. The participant assumes only those risks which are necessary to the sport *and are known to him.* See, Prosser, *Law of Torts,* 477, § 68 (4th ed. 1971). Plaintiff's exception was sufficient to bring to the trial court's attention the necessity of including the element of knowledge, if an instruction on assumption of risk was to be given.[2]

██   The court also instructed the jury that they were to decide whether plaintiff was a licensee or invitee at the time he was injured. Plaintiff argues that the jury should have been instructed that he was an invitee as a matter of law and, therefore, the defendant owed plaintiff the highest standard of care.

"[One who is on the premises of another is an invitee] if the occupier, expressly or impliedly, has led such person to believe that the premises were intended to be used by visitors for the purpose which plaintiff is pursuing and that such use was not only acquiesced in by the occupier but was in accordance with the intention or design with which the place was adapted or prepared. Such arrangement or other conduct encourages people to enter the land with a sense of assurance that it has been prepared for their safety." *Parker v. Hult Lumber Co.,* 260 Or 1, 8, 488 P2d 454, 457 (1971).

---

[2] We do not believe that any instruction on assumption of risk was appropriate in this case. Defendant did not plead assumption of risk as a defense and, probably, was not entitled to any instruction on the subject. *See, Moe v. Jolly Joan and Howser,* 239 Or 531, 399 P2d 22 (1965); *Olsen v. Silverton Lumber Co.,* 67 Or 167, 135 P 752 (1913); 2 Harper and James, *The Law of Torts,* (§ 21.7, 1190-1191); *see also,* 59 ALR 2d 239.

However, "[i]f a person, although on the premises by invitation goes to a place other than that covered by the invitation, he ceases to be an invitee." *Grohn v. Northwest Sport, Inc.,* 210 Or 249, 255, 310 P2d 306, 309 (1957). The area onto which plaintiff skied was not an area in which defendant expected him to ski. Plaintiff argues that he was led to believe the ski run extended in a straight line all the way to the lodge. His argument is that defendant's negligence caused him to mistake the route of the ski run. It is undisputed that plaintiff actually believed he was still on the ski run. However, plaintiff would still be an invitee while skiing outside the ski run only if his belief was a reasonable one. This presents a question of fact. It was proper for the court not to rule on plaintiff's status as a matter of law, but to instruct the jury that they must determine plaintiff's status, and then ascertain whether the level of care defendant owed plaintiff was breached.

Reversed and remanded.