NYLANDER,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(No. 25729, CA 17171)

625 P2d 1354

J. W. Walton, Corvallis, argued the cause for appellant. On the briefs were S. David Eves and Ringo, Walton, Eves & Gardner, P. C., Corvallis.

William F. Gary, Deputy Solicitor General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and John R. McCulloch, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff appeals the judgment entered on a jury verdict in favor of defendant in this negligence action brought after plaintiff's decedent was killed in an automobile accident on an icy bridge on a state highway. Plaintiff assigns as error the giving of an instruction which informed the jury that defendant had no duty to warn of the icy condition of the bridge if the decedent knew or reasonably should have known of that condition. We affirm.

The decedent was killed when her car, northbound on State Highway 99W in Polk County, skidded on an icy bridge and collided with a southbound pick-up. Plaintiff, personal representative of decedent's estate, brought this action charging the state with negligence in failing to alleviate the icy condition on the bridge and in failing to warn of that condition.

There was evidence from which the jury could have found that defendant's employees knew of the icy condition of the bridge. There was also evidence that there were permanent "ICE" signs on the north and south approaches to the bridge, which could be opened or closed by removing a pin but which had not been opened at the time of the accident, although highway crews had crossed over the bridge that morning.

Plaintiff's only assignment of error relates to the following instruction, which was given to the jury:

"Secondly, members of the jury, the Plaintiff charges the Defendant with negligence in knowing or having reason to know of the condition of the highway at a time - at the time and place and did fail to post suitable warnings of the conditions of the highway and bridge.

"In that connection, members of the jury, I instruct you that if you find that the decedent either knew or reasonably should have known of the nature and extent of the danger from the icy condition of the bridge at the time and place of the accident, then the State was under no duty to post warning signs of ice on the bridge and failure to post would not be negligence."

Plaintiff raises two separate arguments concerning this instruction. (1) She contends there may have been a duty to warn about even a known or obvious danger if defendant

should have anticipated harm despite such knowledge or obviousness. (2) She also contends that the instruction, as given, sets up the decedent's contributory negligence or assumption of risk as a bar to recovery under the guise of defining defendant's duty.[1]

■    Plaintiff's first contention is based on the Restatement (Second) of Torts, § 343A (1965),[2] adopted in *Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019 (1967). However, plaintiff's objection to the instruction contended only that the duty of the state to post signs "should not be related or should not be connected to the knowledge or lack of knowledge of the deceased on road conditions * * *."[3] We do not believe that plaintiff's objections raised the theory with sufficient clarity which plaintiff now presents to apprise the trial court of it. *See Ross v. Cuthbert,* 239 Or 429, 397 P2d 529 (1964); *Growers Refrig. Co. v. Amer. Mtr. Ins.,* 260 Or 207, 488 P2d 1358 (1971). That theory may not now be relied upon as a basis for finding the instruction erroneous.

---

[1] The state argues that the instruction is a correct statement of its duty because it is protected from liability in the exercise of discretionary functions. At trial the state presented evidence that there was a policy in effect at the time of the accident that ice warning signs would be displayed only when there was "spot" ice on the highway, and not when there was a generalized icy condition. The state contends that it may not be held liable for carrying out that policy, but may only be held liable if there was in fact spot ice at the time of the accident and the policy was not carried out as it should have been.

Although this may be a correct statement of the doctrine of sovereign immunity, *see Stevenson v. State,* 290 Or 3, 619 P2d 247 (1980), we do not believe that the instruction in question here fairly raises that issue. Although the decedent's knowledge of the icy condition of the bridge at the time and place of the accident may be related in some respects to the question of whether the icy condition was generalized rather than "spotty," the state's immunity (if any) in this case—under the state's own theory—did not depend upon what the decedent knew or should have known, but rather upon what the conditions actually were at the time of the accident.

[2] Restatement (Second) of Torts, section 343A, provides:

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

"(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated."

[3] Discussions between counsel and the trial court before the instructions were given presented the issue in basically the same manner.

Plaintiff's second contention is based upon the 1975 legislative enactment of ORS 18.470,[4] which adopted the doctrine of comparative negligence, and ORS 18.475, which abolished the doctrine of implied assumption of risk. Plaintiff argues that instructing the jury that the state had no duty to warn of the condition of the bridge if decedent "knew *or reasonably should have known"* of the danger presented was equivalent to instructing that recovery was barred if plaintiff's decedent failed to act reasonably, *i.e.,* acted negligently in failing to recognize the danger presented.

■     We disagree. We do not believe that the legislature intended, in enacting a rule of comparative negligence, to do away with the possibility of an objective standard of behavior. If the duty to warn were to be defined by what a particular driver actually knew, there would be no guide as to what is required in the exercise of due care. The imposition of an objective standard of duty does not offend the comparative negligence doctrine.

■     Plaintiff also contends that, although the jury was otherwise properly instructed on comparative negligence, the challenged instruction suggests that, if the decedent encountered a known or obvious danger, recovery is barred by her contributory negligence in doing so. We do not find that suggestion in the instruction, when it is considered in light of the other instructions. Neither do we find in the instruction the implication, suggested by plaintiff, that recovery is barred if the decedent encountered a known or obvious danger because the decedent impliedly assumed the risk of the injury. It should be kept in mind that this instruction was directed only to defining the defendant's duty *to warn* of the condition of the bridge. It did not purport to assess the fault, if any, of the decedent, nor did it

---

[4] ORS 18.470 provides:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. This section is not intended to create or abolish any defense."

address defendant's duty to alleviate the icy condition of the bridge. Those issues were dealt with in other instructions without objection.

■ Plaintiff relies on *Thompson v. Weaver,* 277 Or 299, 560 P2d 620 (1977), for the proposition that the provisions of ORS 18.475 cannot be circumvented by restating as an absence of duty what was previously denominated implied assumption of risk. We do not believe, however, that the imposition of an objective standard of the duty to warn implies an assumption of risk by the decedent. We conclude that the instruction was not erroneous.

Affirmed.