PETERSON,
*Respondent,*
*v.*
LEBANON MACHINE WORKS et al,
*Appellants.*

(No. A7803-04034, CA 19040, SC 28585)

656 P2d 323

Arden E. Shenker, Portland, argued the cause for appellants. With him on the briefs were Elizabeth A. Trainor and Tooze, Kerr, Marshall & Shenker, Portland.

Lyle C. Velure, Eugene, argued the cause for respondent. With him on the brief were David R. Vandenberg, Jr., Klamath Falls, and Malagon, Velure & Yates, Eugene.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

This case is before us on remand from the Supreme Court for reconsideration in light of that court's decisions in *Sandford v. Chev. Div. Gen. Motors,* 292 Or 590, 642 P2d 624 (1982), and *Wilson v. B. F. Goodrich,* 292 Or 626, 642 P2d 644 (1982). The only issue on remand concerns the failure of the trial court in this case to instruct the jury on comparative fault. We find that failure to be error and reverse.

The facts in this case are in our original opinion, *Peterson v. Lebanon Machine Works,* 56 Or App 378, 641 P2d 1165, *remanded* 293 Or 146a, 650 P2d 78 (1982), and we will not detail them again here. Plaintiff was injured while attempting to repair the jump chain on the in-feed table of an edger in a sawmill. Defendant had sold the edger and table to the mill and had installed them as a single unit. Before attempting to repair the chain, plaintiff turned off the power at the main control panel on the machine. He did not lock out the power at the master control switch, located on a wall some distance from the machine. When he pulled the chain taut, the motor was activated, and his hand was run between the chain and sprocket and injured.

Plaintiff sought recovery in strict liability. Defendant asserted a defense of comparative fault. In our original opinion, we stated that the only type of comparative fault that may be considered in a strict liability case is that of voluntarily encountering a known risk, citing *Johnson v. Clark Equipment Co.,* 274 Or 403, 547 P2d 132 (1976), and *Findlay v. Copeland Lumber Co.,* 265 Or 300, 509 P2d 28 (1973). There had been no evidence that plaintiff knew of the particular defect alleged or the particular risk it involved. We concluded that there was no error in failing to instruct the jury on comparative fault.

In *Sandford v. Chev. Div. Gen. Motors, supra,* however, the Supreme Court held that comparative fault in strict liability cases is not limited to what has been known as voluntary assumption of a known risk, but that

"* * * an injured person's conduct which in fact was a cause of her injury and which constitutes a 'fault,' including negligence, is to be considered in a products liability

action, unless the user's alleged negligence consists in the kind of unobservant, inattentive, ignorant, or awkward failure to discover or to guard against the defect that goes toward making the product dangerously defective in the first place." 292 Or at 598.

*See Wilson v. B. F. Goodrich, supra.*

■   There was also evidence presented in this case that plaintiff did not call for the millwright when he discovered the problem with the jump chain, although the millwright was in the plant. Plaintiff had never made this type of repair before. He testified that on other occasions when he changed the saw blade on the edger, he knew that he was supposed to, and he did, lock out the power at the master switch; he did not rely on the control buttons on the operator's console. By contrast, in the present case he did not lock out the power before beginning to repair the jump chain. A jury could find that a reasonable person in plaintiff's position would have taken that precaution. That is sufficient to put the question of plaintiff's comparative fault to the jury under proper instruction from the court. The failure to do so was error.

Reversed and remanded.