Argued and submitted February 8, reversed and remanded October 23, 2013

David LaVOIE,
*Plaintiff-Appellant,*
*v.*

POWER AUTO, INC.,
dba Power Chevrolet,
*Defendant-Respondent,*
*and*

REMINGTON INDUSTRIES, INC.,
*Defendant.*

Marion County Circuit Court
10C14396; A150257

312 P3d 601

Robert K. Udziela argued the cause for appellant. With him on the briefs were J. Randolph Pickett, R. Brendan

Dummigan, Kristen J. West, Kimberly O. Pickett, and Pickett Dummigan LLP.

Kent B. Hanson, Minnesota, argued the cause for respondent. With him on the brief were Hanson Bolkcom Law Group, Ltd., and Ryan J. McLellan and Smith Freed & Eberhard P.C.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Plaintiff sustained serious injuries when the Chevrolet Cavalier he was driving accelerated out of control, left the road, and rolled over. According to plaintiff, the accident resulted from the driver's side floor mat sliding forward and interfering with his ability to operate the accelerator and brake. He brought this action alleging common-law negligence and product liability against defendant Power Chevrolet, the dealership that sold the car to plaintiff's then-girlfriend.[1] The trial court granted defendant's motion for summary judgment, rejecting plaintiff's contention that he had defeated defendant's summary judgment motion by submitting an affidavit creating a disputed issue of material fact, ORCP 47 E, and accepting defendant's contention that it had established every element of an "alteration or modification" affirmative defense, ORS 30.915.[2] We agree with the trial court that plaintiff's ORCP 47 E affidavit was inadequate to defeat summary judgment, but we disagree with its conclusion that defendant proved every element of its affirmative defense. We therefore reverse and remand.

## I.  FACTS AND PROCEDURAL HISTORY

Summary judgment is appropriate when "there is no genuine issue as to any material fact and * * * the moving party is entitled to prevail as a matter of law." ORCP 47 C. The record, which we review on summary judgment in the manner most favorable to the nonmoving party, *id.*, establishes the following facts. Plaintiff's girlfriend, Lukawitz, bought her Chevrolet Cavalier from defendant. The model she bought was a "base" model, that is, a model without most optional features. As relevant to this case, the model had neither floor mats nor a floor mat retention system as

---

[1] In his original complaint, plaintiff also named Remington Industries Inc. as a defendant on the ground that it was the manufacturer of the allegedly faulty floor mat. After discovery revealed that the identity of the manufacturer could not be determined, plaintiff amended his complaint and eliminated reference to, and claims against, Remington Industries, which was never served and never filed an appearance. The automobile's manufacturer, General Motors Corporation, was never named as a defendant. Thus, "defendant" hereafter refers only to Power Chevrolet.

[2] The relevant statutes are set out in the discussion of plaintiff's assignments of error, below.

standard equipment. None of defendant's employees discussed a future purchase of after-market floor mats or told Lukawitz that such floor mats could interfere with the operation of the car. Lukawitz subsequently bought such floor mats from a "big box" store. She could not remember the name of the store or the brand name of the floor mats.

On one occasion before the accident that caused plaintiff's injuries, he became aware that the floor mats could be dangerous when, in his words, the "floor mat got caught in between the brake and the gas" while he was driving, causing the car to "just floor[] itself," so that plaintiff had to reach down and pull the mat away from the pedals in order to regain control. After that incident, plaintiff removed the floor mats, but somebody—the record does not reveal who—reinstalled them. Thereafter, Lukawitz noticed the floor mats slipping forward, and they were removed again. Again, some unknown person reinstalled them. They were still in the car when, in April 2008, while plaintiff was driving in rural Polk County, the floor mat slid forward, causing the car to accelerate. Plaintiff was unable to control the acceleration; the car fishtailed, left the road, and rolled over. Plaintiff suffered serious injuries in the accident, rendering him quadriplegic. He testified that, at the time of the accident, he did not know that the floor mats had been reinstalled and that, if he had known that fact, he would have taken them out.

In his first complaint, plaintiff asserted claims in product liability and common-law negligence on the theory that defendant sold a defective product: the vehicle with an installed floor mat. The complaint also named Remington Industries, Inc., as the manufacturer of the floor mats. Defendant filed a motion for summary judgment, asserting that the floor mat was *not* part of the vehicle as sold; it was an after-market product. That fact, defendant argued, entitled it to summary judgment under the "alteration or modification" defense in ORS 30.915. That statute provides:

"It shall be a defense to a product liability civil action that an alteration or modification of a product occurred under the following circumstances:

"(1) The alteration or modification was made without the consent of or was made not in accordance with the instructions or specifications of the manufacturer, distributor, seller or lessor;

"(2) The alteration or modification was a substantial contributing factor to the personal injury, death or property damage; and

"(3) If the alteration or modification was reasonably foreseeable, the manufacturer, distributor, seller or lessor gave adequate warning."

The same statute, defendant reasoned, entitled it to summary judgment on plaintiff's common-law negligence claim as well as his product liability claim; the statute applies to any "product liability civil action" as defined in ORS 30.900,[3] and that definition includes "negligence claims within its scope." *Mason v. Mt. St. Joseph, Inc.*, 226 Or App 392, 397, 203 P3d 329, *rev dismissed*, 347 Or 349 (2009); *see also Marinelli v. Ford Motor Co.*, 72 Or App 268, 273, 696 P2d 1, *rev den*, 299 Or 251 (1985) ("[T]he term 'product liability civil action,' as defined by ORS 30.900, embraces *all* theories a plaintiff can adduce in an action based on a product defect." (Emphasis in original.)). According to defendant's motion, there was undisputed evidence in the record to establish that it met all three of the ORS 30.915 subsections: Seller did not consent to after-market floor mats (subsection (1)); had no duty to warn of floor mat danger (3); and plaintiff conceded subsection (2), indeed, the entire basis of plaintiff's complaint was that the floor mats caused the accident.

After defendant's motion for summary judgment and before plaintiff's response, plaintiff learned through discovery that, as defendant had maintained, defendant did

---

[3] ORS 30.900 provides:

"As used in ORS 30.900 to 30.920, 'product liability civil action' means a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:

"(1) Any design, inspection, testing, manufacturing or other defect in a product;

"(2) Any failure to warn regarding a product; or

"(3) Any failure to properly instruct in the use of a product."

*not* sell the car with floor mats, and that the manufacturer of the floor mats could not be identified. Plaintiff filed an amended complaint incorporating those facts, alleging that defendant was liable for failing to warn the purchaser of the reasonably foreseeable danger of after-market floor mats or to equip the vehicle with safe floor mats or a floor mat retention system. At the same time, plaintiff filed a response to defendant's summary judgment motion, arguing that plaintiff had submitted an ORCP 47 E affidavit, thereby foreclosing the possibility of summary judgment, and that, in any event, the summary judgment record did not establish an alteration/modification defense as a matter of law.[4] Defendant then filed a reply to address plaintiff's ORCP 47 E contention and to reiterate its reliance on the alteration/modification defense. The trial court ruled in favor of defendant on both questions, determining that the ORCP 47 E affidavit did not adequately address defendant's alteration/modification defense and that every element of that defense was established by the summary judgment record. Plaintiff assigns error to both of those determinations.

## II. PLAINTIFF'S ORCP 47 E AFFIDAVIT

To prevail on his ORCP 47 E argument, plaintiff must establish that his affidavit created a "genuine issue of material fact." The affidavit stated,

> "Plaintiff has retained unnamed qualified experts who are available and willing to testify to admissible facts or opinions creating questions of fact as to each of the allegations of duty, breach, causation, and damages, against

---

[4] ORCP 47 E provides, in part:

"If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit or declaration shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit or declaration, would be a sufficient basis for denying the motion for summary judgment."

defendant Power Auto, Inc. as set forth in plaintiff's proposed First Amended Complaint."

Generally, an ORCP 47 E affidavit "does not have to recite on what issues the expert will testify. It need state only that an expert has been retained and is available and willing to testify to admissible facts or opinions that would create a question of fact." *Moore v. Kaiser Permanente*, 91 Or App 262, 265, 754 P2d 615, *rev den*, 306 Or 661 (1988). However, the court noted an exception to that general rule:

> "[W]hen, as here, the party enumerates those elements on which the unnamed expert will testify, that enumeration would reasonably lead the defendants and the trial court to believe that plaintiff will not be offering expert testimony on the unenumerated elements. We hold that, when a party chooses to enumerate the elements on which an expert will testify, even though a general assertion would otherwise satisfy the rule, the enumeration must give notice of *all* elements on which the expert may testify."

*Id.* (emphasis in original); *accord Piskorski v. Ron Tonkin Toyota, Inc.*, 179 Or App 713, 718, 41 P3d 1088 (2002); *Stotler v. MTD Products, Inc.*, 149 Or App 405, 409 n 3, 943 P2d 220 (1997).

Here, defendant argues that plaintiff's affidavit was insufficient because, like the affidavit in *Moore*, it was not a "general assertion"; rather, it specified certain questions about which plaintiff's expert could establish an issue of fact, but did not address all of them. In particular, it addressed all of the elements of plaintiff's *prima facie* case—"duty, breach, causation and damages"—but did not address defendant's affirmative defense. Thus, defendant reasons, because plaintiff did not submit an affidavit averring that he had an expert who could create an issue of fact that was relevant to defendant's affirmative defense, plaintiff could not prevail without having submitted evidence, beyond the affidavit, to create a genuine issue of material fact with respect to that defense.

Plaintiff's response is succinct:

> "The trial court misconstrues the language in plaintiff's proffered affidavit as specific and therefore limiting, when it is, in fact, broad and sweeping. The very same facts

and opinions that plaintiff avows in good faith will be testified as to in court by an expert witness are relevant to each and every component of defendant Power Auto's affirmative defense.

"There is nothing in the text of ORCP 47 E or Oregon case law to suggest that plaintiff must specify that his unnamed expert will speak directly to 'defenses' alleged by the defense. Indeed, the rule seeks to elicit only a declaration of testimonial evidence that 'will be deemed sufficient to controvert the *allegations* of the moving party.' ORCP 47 E (emphasis supplied). The allegations of defendant Power Auto in its motion for summary judgment are that it has a viable affirmative defense based upon alteration or modification by adding a floor mat, which necessitates a finding of summary judgment in its favor. Plaintiff's ORCP 47 E affidavit defeats those allegations."

(Citations omitted; emphases in original.) Plaintiff's argument, then, appears to have two points. The first, contained in the second paragraph quoted above, is that defendant's affirmative defense is among the "allegations of the moving party." ORCP 47 E. Plaintiff's affidavit itself is fatal to that argument; it avers that his expert witness will create an issue of fact with respect to "each of the *allegations* of duty, breach, causation, and damages, against defendant Power Auto, Inc. *as set forth in plaintiff's proposed First Amended Complaint.*" (Emphases added.)

Plaintiff's second argument, contained in the first paragraph above, is that the expert's testimony, while directed toward the elements of plaintiff's complaint, will also necessarily create fact issues with respect to defendant's affirmative defense. That defense, we repeat, contains three elements:

"(1) The alteration or modification was made without the consent of or was made not in accordance with the instructions or specifications of the manufacturer, distributor, seller or lessor;

"(2) The alteration or modification was a substantial contributing factor to the personal injury, death or property damage; and

"(3)  If the alteration or modification was reasonably foreseeable, the manufacturer, distributor, seller or lessor gave adequate warning."

ORS 30.915. Plaintiff's expert could not possibly create a fact issue with respect to the first element because the parties agree that Power Auto did not expressly consent to the addition of after-market floor mats or instruct the purchaser to install them; whether there was implicit consent is a legal and not a factual issue. Further, as we recently explained in *Deberry v. Summers*, 255 Or App 152, 163, 296 P3d 610 (2013), "[t]he filing of an affidavit under ORCP 47 E precludes summary judgment only where expert opinion evidence is *required* to establish a genuine issue of material fact." (Emphasis in original.) Whether there was or was not consent is not an issue requiring expert fact or opinion testimony. Rather, it is a question of personal knowledge, not expert knowledge. *Id.* Nor could any expert *create* an issue of material fact regarding whether the floor mats were a substantial contributing factor to the injury-causing accident, because plaintiff concedes that fact. And, even if we could imagine that expert testimony related to the "duty" element of plaintiff's *prima facie* case could, in some circumstances, create a fact issue regarding whether the addition of defective after-market floor mats was reasonably foreseeable and, if so, whether defendant gave adequate warnings, we cannot conclude that the testimony does so without knowing what the subject of the testimony is. Because plaintiff's affidavit addresses duty only as an element of his *prima facie* case and does not address any elements of the affirmative defense, those elements must be established by evidence in the record—and plaintiff does not argue that they are. Thus, we are unable to conclude that the affidavit's averment regarding defendant's duty relative to his *prima facie* case necessarily, or even probably, also amounts to an averment regarding reasonable foreseeability relative to the affirmative defense. In sum, plaintiff's ORCP 47 E affidavit does not address defendant's affirmative defense, nor can we conclude that, by averring that the expert testimony will address defendant's duty, without more, the affidavit creates a fact issue with respect to the question of whether the addition of dangerous after-market floor mats was reasonably foreseeable so as to require warnings.

### III. DEFENDANT'S AFFIRMATIVE DEFENSE

A. *The defense applies in this case.*

1. *The after-market floor mats were an alteration or modification.*

Plaintiff asserts preliminarily that, for two reasons, the defense simply does not apply in this case. First, he asserts that the addition of after-market floor mats was not an "alteration or modification." He argues that "the adding of an 'after-market' floor mat * * * is more analogous to an 'abnormal use' of a product." He then cites *Findlay v. Copeland Lumber Co.*, 265 Or 300, 306, 509 P2d 28 (1973), for the proposition that, under *Restatement (Second) of Torts* § 402A comment h (1974), abnormal use means "a use or handling so unusual that the average consumer could not reasonably expect the product to be designed and manufactured to withstand it[.]" Because modifying a car by adding floor mats is not unusual, plaintiff reasons, doing so was not an abnormal use and therefore is not a alteration/modification. The problem with that argument is that *Findlay* was decided in 1973, four years before ORS 30.915 was enacted, and plaintiff points to nothing in the case law or legislative history to indicate that, in adopting that statute, the legislature intended to import into it the concept of "abnormal use," and chose to do so, not by using the phrase "abnormal use" itself, but by using the different phrase "alteration or modification." The two phrases simply do not mean the same thing.

2. *The accident vehicle was not defective as sold due to lack of floor mats or floor mat restraints.*

Plaintiff also appears to argue that the alteration or modification defense does not apply here because, as a federal district court explained, if a plaintiff has made out a *prima facie* case of a dangerous defect, ORS 30.915 is a defense only if the defendant can establish that the alteration or modification, and not the condition of the vehicle when it was sold, caused the accident. *Ensley v. Strato-Lift, Inc.*, 134 F Supp 2d 1191, 1195 (D Or 2001). In *Ensley*, the federal court was interpreting language in an earlier Oregon case, *Seeborg v. General Motors Corporation*, 284 Or 695, 700-01, 588 P2d 1100 (1978):

> "[B]efore [a] plaintiff is entitled to a jury determination, there must be evidence from which it could be found that no change in the condition of the vehicle had been made from the time of its purchase which was essential to the cause of the loss. * * * All defendants have to show is that the admitted factual posture of the case is such that plaintiff would not be entitled to a jury determination. They have to show that the facts are insufficient to establish that the defective condition of the vehicle which caused its destruction was dangerous at the time it was sold."

Again, there are several problems with plaintiff's argument. First, *Seeborg* does not cite, explain, or even recognize the existence of ORS 30.915; it relies instead on *Restatement* § 402A comment g. Second, plaintiff *concedes* that the floor mats were "essential to the cause of the loss," *Seeborg*, 284 Or at 700, thereby obviating the need for defendant to prove that fact in order to invoke the alteration/modification defense. Third, the premise of plaintiff's argument is that he has made out all of the elements of a *prima facie* case; in particular, he has shown that a reasonable juror could conclude that the vehicle in the accident was defective when sold because it lacked floor mats or a floor mat restraint system. Underlying that argument is plaintiff's assertion that the base model was defective because it did not include a safety feature that was standard equipment on high-end models. The implications of plaintiff's reasoning, if widely adopted, would have far reaching implications for the automobile industry. No reasonable juror could so find.[5]

B. *Defendant has not proven the affirmative defense as a matter of law; there remains one issue of material fact.*

1. *Consent*

Plaintiff's argument, then, relies on his alternative assertion that, even if the alteration/modification defense applies, the record does not establish the elements of the defense as a matter of law. Regarding the first element, plaintiff concedes that there is no evidence in the record that defendant *expressly* consented to the purchase and installation

---

[5] Our conclusion does not apply to a legally mandated safety feature such as seat belts.

of any after-market floor mats, much less of defective ones. Rather, plaintiff's argument is that,

> "[b]y selling the car with floor mats as standard equipment in its higher priced vehicles, Power Auto impliedly consents to users placing floor mats, of varying quality and variety, into its vehicles without floor mats as standard equipment. *** Additionally, although there is no direct evidence in the record below of any 'instruction or specification' regarding 'after-market' floor mats by defendant Power Auto, a jury could reasonably find that there is an 'instruction or specification' implied in the absence of direct instruction or specification, or that its silence on an issue of 'after-market floor mats' is in itself negligent or makes the vehicle unreasonably dangerous."

We readily conclude that this argument falls well beyond the boundary of what a reasonable juror could find. It would mean that automobile manufacturers and sellers "consent" to the installation of low-quality (including defective) after-market equipment on base models if the manufacturer's higher priced models come with the nondefective equipment as standard. It fails as a matter of law. Defendant proved lack of consent.

### 2. *Substantial contributing factor*

Plaintiff concedes that defendant proved the second element: "The alteration or modification was a substantial contributing factor to the personal injury, death or property damage."

### 3. *Foreseeability and warnings*

That leaves the third element: "If the alteration or modification was reasonably foreseeable, the manufacturer, distributor, seller or lessor gave adequate warning." Defendant does not contend that the installation of after-market floor mats was not reasonably foreseeable; in fact, defendant conceded at oral argument that such installation *was* foreseeable. Nor does defendant contend that it or the manufacturer gave any warning about that foreseeable risk. Instead,

defendant advances three other arguments. First, it cites the *Restatement* for the proposition that no warnings are necessary "when the danger, or potentiality of danger, is generally known and recognized." *Restatement* § 402A comment j. Even if we could presume that section 402A of the *Restatement* governs the application of ORS 30.915, defendant's argument fails for purposes of summary judgment, because whether the danger of slipping floor mats is "generally known and recognized" is a disputed issue of material fact. ORCP 47 C. Second, defendant argues that no warnings were necessary, because warnings could not possibly have prevented the accident. Plaintiff was involved in an earlier incident when the floor mat made the car accelerate uncontrollably. After that incident, plaintiff removed the floor mats from the vehicle. Thus, he was clearly aware that it was unreasonably dangerous to have that specific floor mat near the vehicle's brake and accelerator pedals. Third, defendant reasons, on the morning of his accident, plaintiff did not realize that the mat had been put back in the vehicle. For those two reasons, defendant maintains, the trial court correctly found that "warnings could not have provided plaintiff or [Lukowitz] with any further information that would have helped avoid plaintiff's crash." In other words, according to defendant, the lack of an adequate warning did not cause plaintiff's accident.

A reasonable juror could agree with defendant's reasoning. However, a reasonable jury might also conclude (for example) that an adequate warning is one that is affixed to the driver's side of the vehicle so that it could have been read by the unknown person who put the after-market floor mat into the vehicle after it had been once removed. Additionally, a reasonable juror could find that, had a warning been given to Lukowitz when she bought the car, she would not have purchased the floor mats responsible for causing the accident in the first place. Although we are not averse to exercising our gate-keeping function, *see* 259 Or App at 100, 101, we also recognize that "the adequacy of a warning ordinarily is a jury question," *Benjamin v. Wal-Mart Stores, Inc.*, 185 Or App 444, 455, 61 P3d 257 (2002), *rev den*, 335 Or 479 (2003).

We are unable to conclude that defendant has established that, as a matter of law, no warnings were necessary.

## III.   CONCLUSION

The trial court erred in granting defendant's motion for summary judgment. An issue of material fact with respect to defendant's affirmative defense remains unresolved.

Reversed and remanded.