Argued and submitted January 19, reversed and remanded May 11, reconsideration denied June 24, petition for review allowed July 19, 1983 (295 Or 446)
See 297 Or 548, 687 P2d 144 (1984)

## WOOLSTON,
*Appellant,*

*v.*

## WELLS et al,
*Respondents.*

(81-4-428; CA A24025)
663 P2d 408

Douglas E. Hojem, Pendleton, argued the cause for appellant. With him on the briefs was Corey, Byler & Rew, Pendleton.

W. Eugene Hallman, Pendleton, argued the cause for respondents. With him on the brief were Stuart I. Teicher, and Mautz, Hallman & Teicher, Pendleton.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff in this personal injury action appeals a judgment in favor of defendants. Plaintiff, a television repairman, was injured when he fell on a wooden stairway while delivering a television set to a tenant in defendant landlords' building. The stairway was a common area utilized by the landlord and the tenant. The fall occurred when a step broke and the handrail collapsed when plaintiff fell against it. There was evidence that a portion of the stair was rotten, that the handrail was not securely fastened and that plaintiff had been up and down the stairway a number of times prior to the fall. Plaintiff concedes that a jury could have concluded that he knew or should have known of the dangerous condition of the stairway. The evidence would also support a conclusion that the stairway was in an unreasonably dangerous condition and that the defendants were aware or should have been aware of that condition.

Plaintiff's assignments of error all relate to jury instructions concerning defendants' potential liability for the condition of the stairway. The assignments of error relate to the same general issue and will not be discussed separately.

Plaintiff objected to the following instructions:

"A possessor of land is subject to liability for physical harm caused to an invitee by a condition on the land if he:

"First, knows or by the exercise of reasonable care could have discovered the dangerous condition, and should realize that it involved an unreasonable risk of harm to such invitee; and

"Second, should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and

"Third, fails to exercise reasonable care to protect them against the danger.

"Now, a possessor of land is not liable to an invitee for physical harm caused to him by any condition on the land whose danger is known or obvious to the invitee, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Plaintiff contends that the court erred in refusing to give the following requested instruction:

"The owner of an apartment house who retains control over a part of the premises is subject to liability to his tenants

and others upon the premises with the consent of the tenants for injuries caused to them by a dangerous condition upon that part of the premises retained in the owner's control, if the owner, by the exercise of reasonable care, could have discovered the dangerous condition and the unreasonable risk involved there and could have made the condition safe."

Plaintiff argues that the instructions given, which are almost identical to Restatement (Second) of Torts §§ 343 and 343A (1965), describing the duty of possessors of land to their invitees, are not appropriate in defining the special duty of a landlord to his tenants and their invitees with respect to areas of the premises over which the landlord retains control ("common areas"). Plaintiff contends that his requested instruction taken from § 360 of the Restatement more appropriately describes the duty of these particular defendants as landlords who maintain control of the common stairway. Plaintiff's principal concern, however, appears to be that the instructions given could completely bar his recovery rather than allow only a comparison of the fault of the parties. He argues that under the instructions given he could be denied recovery if the jury found that the dangerous condition of the stairway was obvious or known to him. That approach, he contends, is inconsistent with the comparative fault construct of ORS 18.470.[1] We agree and reverse.

The responsibility of an occupier of land to the occupier's invitees to maintain the premises in a safe condition is not materially different from that of a landlord to a tenant's invitees. The instructions requested by plaintiff and the first part of the instructions given by the court adequately recite the basic duty. The vice of the court's instructions is in the latter part:

"Now, a possessor of land is not liable to an invitee for physical harm caused to him by any condition on the land whose danger is known or obvious to the invitee, unless the

---

[1] ORS 18.470 provides:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. This section is not intended to create or abolish any defense."

possessor should anticipate the harm despite such knowledge or obviousness."

The first problem with the instruction is that it phrases the defendants' duty in terms of what was obvious or known to the invitee. A possessor of land may have a duty to keep the premises safe apart from the conduct of a particular invitee.

In *Nylander v. State of Oregon,* 292 Or 254, 637 P2d 1286 (1981), the court addressed an analogous instruction. The plaintiff's decedent was killed in an automobile collision on an icy bridge. One specification of negligence was that the state had failed to post appropriate warnings of the icy condition of the bridge. The challenged instruction stated:

" 'In that connection, members of the jury, I instruct you that if you find that the decedent either knew or reasonably should have known of the nature and extent of the danger from the icy condition of the bridge at the time and place of the accident, then the State was under no duty to post warning signs of ice on the bridge and failure to post would not be negligence.' " 292 Or at 257.

The court held that the instruction was erroneous because, *inter alia,* it phrased the defendant's duty in terms of a particular plaintiff's personal awareness of the extent of the danger at the exact time and place of the accident. It said that the state's duty to warn of the dangerous conditions must be considered with respect to the risk that they pose generally to the foreseeable class of motorists that would use the road in issue. The court stated:

"* * * A duty to warn presupposes some relevant person or persons, known or unknown, to be warned, and the conditions that give rise to the duty include the foreseeable characteristics of those persons. * * *" 292 Or at 259.

It is foreseeable, the court found, that users of the highway will include a cross-section of the kinds of drivers licensed to use the public roads, skilled and less skilled.

The court also held that the instruction impermissibly stated defenses of contributory negligence and assumption of risk, contrary to the dictates of the comparative fault statute. ORS 18.470. Whether an individual motorist approaching the icy bridge acted reasonably bears on the partial or entire loss of recovery by reason of comparative fault, but that issue is

not identical to whether the defendant had a duty to warn in the first place.

The rationale of *Nylander* is appropriate in this case. The challenged instructions told the jury that the defendants would have no duty to make the premises safe if the dangerous condition was obvious to the particular invitee or if the invitee knew of the dangerous condition. The occupier of land who, as a landlord, retains control over the common area of the leased premises has an obligation to make the common area safe for the broad range of the tenant's invitees. A jury could conclude, in assessing the occupier-landlords' duty, that it was foreseeable that the tenant would invite people with a broad range of characteristics relevant to their ability to observe and appreciate a dangerous condition. Whether a particular invitee's conduct violates some standard of reasonableness must be assessed separately from the occupier's duty to discover a dangerous condition on the premises and make that condition safe for the foreseeable range of invitees. To phrase defendants' duty in terms of what the particular invitee knew or what was obvious could bar plaintiff's recovery if the jury found knowledge or obviousness.

The appropriate analysis is whether plaintiff's conduct was reasonable, *i.e.,* whether he acted reasonably in not seeing and appreciating the danger or, having such knowledge, using the stairs anyway. The jury should be entitled to assess his conduct against a reasonableness standard and determine the degree of his fault and compare it with that of defendants. As the Supreme Court said in *Thompson v. Weaver,* 277 Or 299, 305, 560 P2d 620 (1977): "The statute [ORS 18.470] cannot be circumvented by restating as an absence of duty what was previously implied assumption of the risk." The same reasoning would apply to the defense of contributory negligence.

Obvious, in the context of an invitee's conduct, means that both the condition and the risk are apparent to and would be recognized by a reasonable person in the position of the visitor, exercising ordinary preception, intelligence and judgment. Knowledge relates to the actual knowledge of the plaintiff and includes not only awareness of the dangerous condition but also an appreciation of the risk of harm. Thus, under the instructions given, if the jury found that the condition of the stairway was known or obvious and that the defendants

should not reasonably anticipate the harm despite the knowledge of plaintiff or the obviousness of the danger, defendants could be found not negligent. Plaintiff would be denied recovery without an independent evaluation of the reasonableness of his conduct and whether his fault exceeded the defendants' fault for the accident. Also, proper instructions would inform the jury that, even if plaintiff was aware of and appreciated the risk of harm, *i.e.,* even if the condition was obvious or plaintiff knew of the risk, his conduct in using the stairway must nevertheless be analyzed in terms of whether it was reasonable and prudent. *See Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019 (1967).

Courts in other jurisdictions have concluded that instructions based on Restatement (Second) of Torts §§ 343 and 343A impermissibly conflict with those jurisdictions' comparative negligence statutes. In *Parker v. Highland Park, Inc.,* 565 SW2d 512 (Texas 1978), the Texas Supreme Court held that the "no duty" concept previously applied was incompatible with the comparative negligence statute:

> "There are many instances in which a person of ordinary prudence may prudently take a risk about which he knows, or has been warned about, or that is open and obvious to him. His conduct under those circumstances is a matter which bears upon his own contributory negligence. * * * One's conduct after he is possessed of full knowledge, under the circumstances may be justified or deemed negligent depending upon such things as the plaintiff's status, the nature of the structure, the urgency or lack of it for attempting to reach a destination, the availability of an alternative, one's familiarity or lack of it with the way, the degree and seriousness of the danger, the availability of aid from others, the nature and degree of the darkness, the kind and extent of a warning, and the precautions taken under the circumstances by a plaintiff in walking down the passageway. * * *" 565 SW2d at 520.

The propriety of those sections has also been an issue in the federal courts under the Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 905(b), after it was amended to abolish the defenses of assumption of risk and contributory negligence. In *Scindia Steam Navigation Co. v. De Los Santos,* 451 US 156, 168, n 14, 101 S Ct 1614, 68 L Ed 2d 1 (1981), the Supreme Court disapproved §§ 343 and 343A at least in part because of their incorporation of those defenses.

Some of the federal circuit courts had previously rejected instructions based on those sections of the Restatement because of the abolition of contributory negligence and assumption of risk as defenses under the Act. *See, e.g., Johnson v. A/S Ivarans Rederi,* 613 F2d 334, 347 (1st Cir 1980), *cert dismissed* 449 US 1135 (1981). The lower court in *Scindia* (598 F2d 480, 486-87, n 5 (9th Cir 1979)), said:

> "The Restatement's standard of care incorporates the proscribed defenses into its definition of the possessor's duty when it allows the possessor to count on his invitees to discover conditions, realize their dangers, and then protect themselves against the dangers. To apply limitations of § 343(b) and § 343A(1) to negligence suits under the Amendments would violate the legislative intent behind § 905(b) because it would, in substance if not in form, give defendant shipowners the benefits of a partial or absolute bar to liability having the characteristics of a defense based upon contributory negligence or implied assumption of risk or both. * * *"

Because the jury's finding that defendants were not negligent may have been based on impermissible aspects of the instructions given, we must conclude that they were prejudicial.

Reversed and remanded.