Argued and submitted September 7, 1983, affirmed August 14, 1984

WOOLSTON,
*Respondent on Review,*

*v.*

WELLS et al,
*Petitioners on Review.*

(No. 81-4-428; CA A24025; SC 29695)

687 P2d 144

W. Eugene Hallman, Mautz, Hallman & Teicher, Pendleton, argued the cause and filed briefs for petitioners on review.

Douglas E. Hojem, Corey, Byler & Rew, Pendleton, argued the cause and filed briefs for respondent on review.

LENT, J.

Peterson, C. J., concurred and filed opinion.

## LENT, J.

The issue is whether a landlord's possible liability to a tenant's invitee injured by a condition on the premises retained in the landlord's control is properly described in the language of 2 Restatement (Second) of Torts, §§ 343 and 343A(1) (hereinafter §§ 343 and 343A(1)) since the legislative adoption of comparative fault and the abolition of implied assumption of risk. We hold that those sections of the Restatement are no longer proper statements of the law of this state in such a case and approve the analysis of the Court of Appeals, *Woolston v. Wells,* 63 Or App 7, 663 P2d 408 (1983).

Plaintiff seeks damages for physical harm he suffered when he fell while ascending stairs to deliver a television set to defendants' tenant. The stairs were a part of the defendants' premises not leased to any particular tenant; rather, the stairs were a part of the premises retained in the defendants' control. Plaintiff alleged that the fall was due to a defective condition of the stairs resulting from the defendants' negligence.[1] Defendants denied that they were negligent and alleged affirmatively that plaintiff's injuries were the result of his own negligence.[2]

---

[1] The allegations of defendants' negligence pleaded and submitted to the jury were as follows:

"1. In failing to repair and maintain the defective stair step when they knew, or in the exercise of reasonable care, should have known that the same was rotten and weakened;

"2. In failing to repair the defective handrail when they knew, or in the exercise of reasonable care, should have known, that the same was rotten and weakened;

"3. In failing to warn the plaintiff of the existence of the defective step and handrail which constituted concealed dangers about which defendants knew, or in the exercise of reasonable care, should have known;

"4. In failing to comply with the City of Pendleton Building Code by maintaining the rear stairway of the apartments in a safe condition; and

"5. In failing to make a reasonable inspection of the premises so as to discover the rotten and weakened stair step and handrail."

[2] The affirmative defense was pleaded and submitted to the jury as follows:

"The accident and consequent injuries sustained by plaintiff were solely the result of plaintiff's negligence in one or more of the following particulars:

"A. In failing to keep a proper lookout for his own safety.

Plaintiff requested that the jury be instructed in terms of 2 Restatement (Second) of Torts, § 360, which describes a landlord's liability for physical harm caused by a dangerous condition on that part of the land retained under the landlord's control.[3] That section does not predicate the landlord's liability on the entrant's knowledge, or want thereof, of the dangerous condition. Indeed, the comments to the section make it abundantly clear that the entrant's knowledge of the dangerous condition of the premises is pertinent only to whether the entrant is in contributory fault. The trial court refused to give plaintiff's requested instruction. An exception was thereby imported, ORCP 59H.

Defendants requested instructions in terms of §§ 343 and 343A(1), and they were given:

| § 343 | Instructions |
|---|---|
| "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he | "A possessor of land is subject to liability for physical harm caused to an invitee by a condition on the land if he:<br><br>"First, knows or by the |

---

"B. In attempting to move a large, heavy television set when plaintiff knew that it could not be done safely with the help available to him.

"C. In attempting to move a large, heavy television set by carrying it in an unsafe and awkward manner."

Neither party has made any point of the allegation that plaintiff's injuries were "solely" the result of his own negligence. That could be proven under defendants' denial of plaintiff's allegation of a causal relation between defendants' alleged negligence and plaintiff's claimed injuries.

[3] 2 Restatement (Second) of Torts, § 360 provides:

"A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

Plaintiff's requested instruction was:

"The owner of an apartment house who retains control over a part of the premises is subject to liability to his tenants and others upon the premises with the consent of the tenants for injuries caused to them by a dangerous condition upon that part of the premises retained in the owner's control, if the owner, by the exercise of reasonable care, could have discovered the dangerous condition and the unreasonable risk involved there and could have made the condition safe."

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

exercise of reasonable care could have discovered the dangerous condition, and should realize that it involved an unreasonable risk of harm to such invitee; and

"Second, should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and

"Third, fails to exercise reasonable care to protect them against the danger."

### § 343A(1)

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

### Instructions

"Now, a possessor of land is not liable to an invitee for physical harm caused to him by any condition on the land whose danger is known or obvious to the invitee, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Plaintiff duly excepted to instructing in terms of §§ 343 and 343A(1) rather than § 360.

The first question on the form of verdict submitted to the jury required the jury to answer whether defendants were negligent in one or more respects claimed by plaintiff which caused damage to plaintiff. The jury answered, "No," and under the court's instructions that constituted a verdict for defendants. From a judgment on that verdict, plaintiff appealed, assigning as error the giving of the charge above quoted and the failure to give his requested instruction set forth in footnote 3, *supra.*

The Court of Appeals held that the instructions given at defendants' request were inconsistent with "the comparative fault construct of ORS 18.470" and reversed and

remanded for a new trial. *Woolston v. Wells,* 63 Or App 7, 10, 663 P2d 408 (1983). We allowed the defendants' petition for review to consider whether the common law rules of liability expressed in §§ 343 and 343(A)(1) survived the legislature's enactment of rules of liability based on comparative fault and the legislature's abolition of the defense of implied assumption of risk.

Defendants argue that §§ 343 and 343A(1) have been "adopted" by this court as a part of the common law of this state. Among other cases, defendants cite *Dawson v. Payless For Drugs,* 248 Or 334, 433 P2d 1019 (1967). Based upon *Dawson* and the cases cited therein, we believe it is fair to say that defendants' argument, in this respect, is accurate. At any rate, we shall assume, for the purpose of this opinion, that those sections were a fair statement of the common law rules applied by this court to actions brought by invitees against occupiers of real property.

Those sections speak not to "duty" or "negligence"; they speak to "liability." At the time *Dawson* and the cases cited therein were decided, contributory negligence and implied assumption of risk were complete bars to liability on the part of a possessor of land sued by an invitee on a cause in common law negligence. That being the case, it made good sense to describe occupier liability in terms which took into consideration the invitee's negligence or voluntary assumption of risk, which is what §§ 343 and 343A(1) do.

Since the time of the decision in *Dawson,* the legislature has moved to alter the law as it applies to cases of this kind. In 1971 the legislature enacted a "comparative negligence" system for the express purpose of superseding the common law rule that a plaintiff's contributory negligence would bar his recovery in a negligence action. In 1975 the legislature amended the statute, ORS 18.470, to its present form, applicable to the case at bar:

> "Contributory negligence shall not bar recovery by any person or his legal representative to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the

person recovering. This section is not intended to create or abolish any defense."

Also in 1975 the legislature enacted ORS 18.475, abolishing the "doctrine[s]" of last clear chance and of implied assumption of the risk.

Prior to the trial of this case in February, 1982, we had spoken to the effect of these enactments on jury instructions in tort cases. In *Nylander v. State of Oregon,* 292 Or 254, 637 P2d 1286 (1981), the issue was whether the state had a duty to warn drivers of icy conditions on a highway bridge. The trial court instructed that the state had no duty if "the decedent either knew or reasonably should have known" of the danger. We concluded:

> "* * * insofar as [the instruction] asked the jury to consider what [the decedent] actually knew when she drove onto the bridge, it could well be understood to state a defense of implied assumption of the risk that was abolished by ORS 18.475. That defense cannot be revived by being restated as an absence of duty toward plaintiff, as in this instruction. *Thompson v. Weaver,* 277 Or 299, 560 P2d 620 (1977). Insofar as the instruction asked the jury to decide what she 'reasonably' should have known when she did so, it could be understood to state a defense of contributory negligence. But any contributory negligence on her part would be relevant only as 'comparative fault' under ORS 18.470 * * *."

292 Or at 260.

The final paragraph of the above quoted instructions given in this case is based on § 343A(1). That § 343A(1) describes liability of the possessor in terms encompassing the invitee's negligence or assumption of risk appears from the comment to the section:

> "b. The word 'known' denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.
>
> "* * * * *

"e.  In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. * * *"[4]

We have previously drawn attention to our belief that § 343A introduces the concept of assumption of risk into the liability calculus:

"That 343 and 343A embody the concept * * * of assumption of risk as a duty-limiting factor is apparent from comment *e* to 343A. For judicial recognition of this point, *see, e.g., Brown v. Ivarans Rederi, A/S,* 545 F2d 854, 863 n. 10 (3d Cir 1976)."

*Shepler v. Weyerhaeuser Company,* 279 Or 477, 495-96, 569 P2d 1040 (1977).[5]

---

[4] One of the charges of negligence against defendants in this case was that they failed to comply with an ordinance of the City of Pendleton that required that all buildings and parts thereof "shall be maintained in a safe" condition. Comment *d* to § 343A is directed to the possible existence of a "statute" which might require that a possessor of land keep the premises safe for invitees. If such a statute exists, the comment states that the knowledge of the invitee that the statute has not been complied with does not prevent liability on the part of the possessor. Such knowledge is to be considered only in determining whether the invitee is to be charged with negligence or assumption of risk in coming into contact with the dangerous condition. The parties made no point of whether an instruction under § 343A was proper to the charge of violation of that ordinance, but the language of the comment clearly implies that the effect of the knowledge of an invitee of a dangerous condition, as embodied in § 343A(1), is to prevent liability on the basis of the invitee's fault.

[5] *See, also, Santos v. Scindia Steam Navigation Co.,* 598 F2d 480, 487 (1979), *aff'd* 451 US 156, 101 S Ct 1614, 68 L Ed2d 1 (1981). In footnote 5, the opinion states:

"The *Restatement's* standard of care incorporates the proscribed defenses into its definition of the possessor's duty when it allows the possessor to count on his invitees to discover conditions, realize their dangers, and then protect themselves against the dangers. To apply the limitations of § 343(b) and § 343A(1) to negligence suits under the Amendments [to the Longshoremen's and Harbor Workers' Compensation Act] would violate the legislative intent behind § 905(b) [which set a standard of comparative negligence for maritime tort damages] because it would, in substance if not in form, give defendant shipowners the benefits of a partial or absolute bar to liability having the characteristics of a defense based upon contributory negligence or implied assumption of risk or both." (Citations omitted)

The final paragraph of the above quoted part of the trial court's instructions, based upon § 343A(1) should not have been given.

We now turn to an examination of the balance of the quoted instruction, in particular to the paragraph starting with the word "Second," which is based on § 343(b).

■■ Because of ORS 18.470, the jury has a new responsibility in this kind of case. In addition to determining whether defendant and/or plaintiff is negligent or otherwise at fault, the jury must compare each party's fault which caused injury to the plaintiff. Instructing the jury that defendant has no liability because of actions of the plaintiff, or that defendant is liable only if a reasonable person entering the land would not realize a danger or would not protect himself against it, frustrates the purpose of instituting a system of comparative fault. The comparison of the parties' fault will only be meaningful if each party's fault is determined without reference to the other party or to a class or group which includes the other party. For example, if the jury were instructed that plaintiff is at fault for his own injury if he should expect that a reasonable land occupier would not have discovered the danger or would fail to protect entrants against it, the impropriety is apparent. We hold that it is no less improper to define defendant's liability in these same terms, as did the instruction given in this case.

A further contention of defendants deserves answer. They cite *Katter v. Jack's Datsun Sales, Inc.,* 279 Or 161, 566 P2d 509 (1977), as holding § 343 to be the law even after the enactment of ORS 18.470.[6] There the defendant possessor of

---

The Restatement (Second) of Torts has discussed the ramifications of statutory abrogation of the doctrine of assumption of risk:

"* * * Under such statutes the plaintiff is protected if he acts with reasonable care in view of the danger which he encounters, even though he knows the danger and proceeds in the face of it. Although assumption of risk is eliminated by such statutes, it may be held that the defense of contributory negligence is still open to the defendant; or, as under the present form of the Federal Employers' Liability Act, contributory negligence may remain as a partial defense, reducing the damages in proportion to the fault. * * *"

Restatement (Second) of Torts § 496A, comment c.

[6] The injury involved in *Katter v. Jack's Datsun Sales, Inc.,* 279 Or 161, 566 P2d 509 (1977), occurred in 1974, after the enactment of original ORS 18.470 but prior to its 1975 amendment and the abolition of the doctrine of implied assumption of risk.

land assigned error for giving of an instruction based on 343. Defendant agreed that the instruction was a correct statement of the law but contended that it should not have been given because there was no evidence to support plaintiff's claim that the defendant "breached the duty" described in the instruction and no evidence that any negligence of defendant was a cause of plaintiff's harm. It is true that we stated: "This [§ 343] is the law in Oregon." There is nothing in the decision to indicate that either party contended otherwise; there was no occasion for this court to consider the issue presented by the plaintiff's contentions in the case at bar.[7]

Defendants contend that instruction in the terms of §§ 343 and 343A is mandated by decision in *Nylander v. State of Oregon, supra,* but that was not a case of landowner liability. We there stated specifically that the case need not be analyzed in terms of the defendant's property interest in the bridge or road on which the harm occurred. 292 Or at 258, fn. 2. Our present reading of what we said and held in *Nylander* is that the decision points to exactly the result we reach today on the issue posed at the outset of this opinion concerning § 343A.

Where the issues of fact are framed by allegations of a defendant's negligence, defendant's denial thereof and defendant's affirmative defense of negligence on the part of the plaintiff, the instructions should be framed so as to present the issues in terms of the negligence of each party rather than in terms of liability. Each party is held to the same standard of care with respect to common law negligence. Negligence is conduct falling below the standard established for the protection of others, or oneself, against unreasonable risk of harm. The standard of care is measured by what a reasonable person of ordinary prudence would, or would not, do in the same or similar circumstances. *Shepler v. Weyerhaeuser Company,* 279 Or 477, 491, fn. 15, 569 P2d 1040 (1977).

In general, it is the duty of the possessor of land to make the premises reasonably safe for the invitee's visit. The

---

[7] Defendants also contend that *Blair v. Mt. Hood Meadows Development Corp.,* 291 Or 293, 630 P2d 827 (1981), a cause accruing after 1975, stands for the continued vitality of the Restatement rules. It is true that the case is concerned with application of ORS 18.470 and 18.475, but we are unable to discover any mention whatsoever of §§ 343 or 343A in the opinion of the court.

possessor must exercise the standard of care above stated to discover conditions of the premises that create an unreasonable risk of harm to the invitee. The possessor must exercise that standard of care either to eliminate the condition creating that risk or to warn any foreseeable invitee of the risk so as to enable the invitee to avoid the harm.

■     The invitee is required to exercise that same standard of care in avoiding harm from a condition of the premises of which he knows, or, in the exercise of that standard of care, of which he should know.

■     Instructions to the jury should be framed in terms of that standard of care. The jury will thereby be enabled to determine whether any given party is at fault and if both are at fault to compare that fault as the statute commands. In determining and comparing fault, the jury must necessarily consider the obviousness of danger and the ease or difficulty with which harm to the plaintiff from that danger could be avoided by either party.

In this case, one of the circumstances of possession is that the possessor is a landlord. With what we have just said it appears profitable to compare the rule expressed in 2 Restatement (Second) of Property, § 17.3:

> "A landlord who leases a part of his property and retains in his own control any other part the tenant is entitled to use as appurtenant to the part leased to him, is subject to liability to his tenant and others lawfully upon the leased property with the consent of the tenant or a subtenant for physical harm caused by a dangerous condition upon that part of the leased property retained in the landlord's control, if the landlord by the exercise of reasonable care could have:
>
> > "(1) discovered the condition and the unreasonable risk involved therein; and
> >
> > "(2) made the condition safe."

That text is in terms of a landlord being "subject to liability," a term defined in 1 Restatement (Second) of Torts, § 5. That term denotes that fact that the actor's described conduct is such as to make him liable for another's injury if the conduct is a legal cause of the injury and the actor has no defense applicable to the particular claim. § 17.3, like 2 Restatement

(Second) of Torts, § 360, does not cast liability in terms of what the entrant knows or should know about the premises.[8] The two conditions subjecting the landlord to liability are an expression of the duty to inspect and to make the "condition" safe. We assume that the condition could be made safe by either remedying it so as to eliminate the danger or giving adequate warning of the danger.

We agree with the Court of Appeals that the trial court erred and that plaintiff is entitled to a new trial.[9]

The decision of the Court of Appeals is affirmed.

**PETERSON, C. J.,** concurring.

My reason for writing this separate opinion is to explicitly state a proposition which I believe to be implicit in the majority opinion: Although instructions relating to the defendant's duty normally should not refer to the obviousness of the condition, awareness of those expected to encounter the condition is not irrelevant to the question whether the defendant has violated the duty of care owed to the plaintiff.

With respect to conditions which create an unreasonable risk of harm to invitees on property, possessors of land are required to exercise reasonable care to discover such conditions and protect invitees against harm arising from such conditions. The protection can be accomplished in various ways, including removal of the condition or warning against it.

---

[8] 2 Restatement (Second) of Property, § 17.3, comment *f* provides:

> "The rule stated in this section may also apply even though the person injured, whether he be the tenant himself or a third person, has knowledge of the existence of the dangerous condition. His knowledge may put him in contributory fault (as to which see § 463 of Restatement of the Law, Second, Torts), and in that event he will be disabled from maintaining an action for any harm suffered while using the dangerous premises, or may cause his recovery to be reduced proportionately in states applying the doctrine of comparative negligence. But unless the danger is so apparent and so great that it is unreasonable for him to encounter it in view of the purpose of his use, or unless knowing the danger he fails to exercise that caution which a reasonable man would exercise under the same circumstances, the landlord is subject to liability to him notwithstanding his knowledge of the existence of the condition."

[9] Because the case is to be retried, we note one further point. As they were entitled to do, defendants alleged as an affirmative defense that the complaint failed to state ultimate facts sufficient to constitute a claim. *See* ORCP 21A. The trial court submitted that defense to the jury; plaintiff did not except. That defense presents a pure question of law; it should not be submitted to the jury.

Whether a condition creates an unreasonable risk of harm often turns on the knowledge of reasonable persons expected to use the premises. For example, steps leading to many premises create a condition of potential danger. But such conditions likely are not unreasonably dangerous because the hazards arising by reason of use are known and understood by reasonable persons expected to use the steps.

The identical steps may, however, create an unreasonable risk of harm at night if they are improperly lighted. The reason: The hazards might not be apparent to those persons expected to use the steps.

In a negligence case, upon the defendant's motion for a directed verdict under ORCP 60 on the ground that there is no evidence of negligence, whether the motion will be allowed may turn upon whether users of the premises would or should be aware of the hazards of use. Knowledge and awareness of the user are not irrelevant to the defendant's duty, or whether, under the evidence, there is any breach of duty.

*Nylander v. State of Oregon*, 292 Or 254, 637 P2d 1286 (1981), involved a claim for damages arising from the presence of ice on an icy highway bridge. We stated:

> "In the present case, for instance, whatever duty the state had to post warnings on the morning of November 15, 1978 arose from the fact that the road and bridge were open to vehicular traffic generally, from the objective weather and surface conditions at that time, from the degree to which these conditions *could be said to be obvious to the general public* without a warning and the degree to which additional localized danger *exceeded what was generally obvious,* and perhaps from such additional obligations as the state may have undertaken by its own stated rules or guidelines on the subject. * * *" (Emphasis added; footnote omitted.) 292 Or at 258.

The quoted language, while it does not approve instructing juries relative to the defendant's duty of care in light of the knowledge of the specific user, certainly makes clear that one of the factors which determines whether the duty has been breached is the general obviousness of the danger.[1]

---

[1] The instructions given in the case at bar are subject to criticism under *Nylander* because they refer to danger which is "known or obvious to *the* invitee," rather than to

The concern which prompts this separate opinion is that instructions relative to an alleged failure to warn often refer to knowledge or awareness of persons expected to be exposed to the condition. Whether it is appropriate to phrase a warning instruction in terms of the knowledge or awareness of persons expected to be exposed to the condition must await that case.[2] As *Nylander* suggests, the occupier's duty to warn or take other action may turn, in part, upon the obviousness of the hazard and knowledge of the user.[3]

Because of the passage of ORS 18.470 and 18.475, the safer course is this: In drafting instructions to the jury regarding the defendant's duty, make no reference to the obviousness of the danger or to the user's knowledge of the danger.

---

dangers which would be known or obvious to "*a* reasonably prudent invitee." (*See* discussion in *Nylander v. State of Oregon, supra,* at 292 Or 257-260). The 343A(1) instruction set forth in the majority opinion is also defective because it is phrased in terms of what *does not* create liability. Instructions should be phrased in terms of what the law requires, not in terms of what the law does not require.

[2]*Compare* Oregon Jury Instructions for Civil Cases No. 160.10:

"When an employer has actual knowledge or in the exercise of reasonable care would have had knowledge of hazards or dangers, the employer is then under the duty of warning an employee of such hazards or dangers as would not be apparent to an employee in the exercise of reasonable care."

[3]The majority apparently recognize that in determining the defendant's fault, the trier of fact may consider the obviousness of danger. The majority opinion states that "[i]n determining and comparing fault, the jury must necessarily consider the obviousness of danger and the ease or difficulty with which harm to the plaintiff from that danger could be avoided by either party."