Argued and submitted March 16, affirmed May 18, reconsideration denied July 1, petition for review denied July 26, 1988 (306 Or 413)

JENSEN et al,
*Appellants,*

*v.*

KACY'S MARKETS, INC., et al,
*Respondents,*

*and*

THOMAS,
*Third Party Plaintiff,*

*v.*

NORTHROP INDUSTRIES OF CALIFORNIA et al,
*Third Party Defendants.*

(85-2317-J-1; CA A44204)

754 P2d 624

William H. Ferguson, Medford, argued the cause for appellants. With him on the briefs was Grant, Ferguson, Carter, P.C., Medford.

Larry B. Workman, Medford, argued the cause for respondent Kacy's Markets, Inc. With him on the brief were Steven H. Pratt and Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, P.C., Medford.

Bernard S. Moore, Medford, argued the cause for respondents Northrop Industries of California and Northrop Architectural Systems, Inc. On the brief was H. Scott Plouse, Medford.

Hugh B. Collins, Medford, argued the cause and filed the brief for respondent Thomas.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Elizabeth Jensen (Jensen) was entering Kacy's Market when an automatic sliding door unexpectedly closed on her cane. She fell and was injured. She and the personal representative of her husband's estate brought this action against the store, the manufacturer of the door, and the vendor/installer of the door. Plaintiffs claimed, among other things, that each defendant was negligent; defendants alleged that Jensen was contributorily negligent. The jury found that none of the defendants was negligent.[1] Plaintiffs appeal, and we affirm.

■ Plaintiffs claim that the trial court erred in giving this instruction:[2]

"If there are conditions on premises which you find to be unreasonably dangerous as that expression is defined in these instructions, the possessor of the premises must exercise reasonable care to protect invitees from such condition, whether they are created by the possessor or by an independent contractor.

"I have just instructed you about the general duty of care owed by possessors of premises to invitees. However, that duty applies only to conditions on the premises that create an unreasonable risk of harm to an invitee. If the condition complained of by Plaintiff is a condition that people would encounter and would be expected to take care of themselves without further precaution by the possessor of the premises, the condition is not considered unreasonably dangerous because the likelihood of harm is slight. A condition is only considered unreasonably dangerous when it cannot be encountered with reasonable safety, even if the danger is known and appreciated.

"A condition is not unreasonably dangerous if the hazard arising from it would be known and understood by reasonable persons expected to encounter the condition."

Plaintiffs specifically excepted to only two portions of the

---

[1] Defendant Thomas filed a third party complaint against defendant Northrop. The trial court entered judgment pursuant to ORCP 67B as to the claims raised on appeal.

[2] We discuss only plaintiffs' first assignment of error. Their remaining assignments lack merit. The first assignment relates only to the claim against Kacy's Market; therefore, in the remainder of the opinion, "defendant" refers to Kacy's Market.

instruction. Their explanation to the trial court made clear that they in fact objected to the entire passage because, as a whole, it impliedly raised "assumption of the risk" as a defense. Therefore, plaintiffs' exceptions preserved the assigned error. ORCP 59H; *Mariman v. Hultberg,* 82 Or App 535, 539, 728 P2d 919 (1986).

■      Plaintiffs first contend that the instruction erroneously made occupiers of business premises liable to invitees only for conditions that create an unreasonable risk of harm to the invitee. That is a correct statement of the law and was not error. *Woolston v. Wells,* 297 Or 548, 558, 687 P2d 144 (1984).

■      Plaintiffs then argue that the instruction raised assumption of risk as a defense by defining defendant's duty in terms of Jensen's actions. Oregon has abolished assumption of risk and has adopted comparative fault. If the instruction implied to the jury what plaintiffs claim that it did, it was reversible error.

> "Instructing the jury that defendant has no liability because of actions of the plaintiff, or that defendant is liable only if a reasonable person entering the land would not realize a danger or would not protect himself against it, frustrates the purpose of instituting a system of comparative fault. The comparison of the parties' fault will only be meaningful if each party's fault is determined without reference to the other party or to a class or group which includes the other party."
> *Woolston v. Wells, supra,* 297 Or at 556.

*See also Nylander v. State of Oregon,* 292 Or 254, 260, 637 P2d 1286 (1981).

Instructing the jury in a case such as this is difficult, because the question of whether a condition creates an "unreasonable risk of harm"—an element of assessing the defendant's liability—often depends on the knowledge of reasonable persons who may be expected to use the premises. *See Woolston v. Wells, supra,* 297 Or at 560 (Peterson, C. J., concurring). Whether the sliding door presented an unreasonable risk of harm depends in part on whether a *reasonable person* would appreciate the risk presented by the door. The question of whether Jensen was contributorily negligent may involve *her* appreciation of the risk presented by the sliding door. Because the definition of unreasonable risk of harm

closely resembles the issue of contributory negligence, instructions must distinguish the two matters.

■ Here, the instructions did so. The judge explained the concept of comparative fault and properly instructed the jury on it. Next, he told the jury:

> "A possessor of premises is not an insurer or guarant[or] of the safety of invitees upon the premises[;] rather the possessor's duty is one of reasonable care under the circumstances, which I will now define for you.

> "If a person is an invitee on premises, the possessor owes to the invitee the duty to exercise reasonable care for the invitee's safety to maintain the premises in a reasonable [*sic*] safe condition, and use ordinary care to provide notice of any concealed danger of which the possessor of the premises has knowledge, and for which [*sic*] in the exercise of reasonable care the possessor should have discovered."

Those paragraphs correctly state the law, *see* UJI 120.08. They were followed by the instructions that plaintiffs claim were erroneous, the last two sentences of which most closely resemble assumption of the risk:

> "A condition is only considered unreasonably dangerous when it cannot be encountered with reasonable safety, even if the danger is known and appreciated. A condition is not unreasonably dangerous if the hazard arising from it would be known and understood by reasonable persons expected to encounter the condition."

In context, however, those sentences did not suggest that, if Jensen should have appreciated the risk from the sliding door, then defendant was without fault. Rather, the challenged instruction defined an "unreasonable risk of harm"[3] and nothing more.

Affirmed.

---

[3] The trial court used the phrase "unreasonably dangerous" instead of "unreasonable risk of harm." *See Woolston v. Wells, supra,* 297 Or at 558. The difference is not material in this case.