KERR–MORRIS et al., Appellants,

v.

EQUITABLE REAL ESTATE INVESTMENT MANAGEMENT, INC.
et al., Appellees; Ramada Hotel Operating Company et al.█

[Cite as *Kerr–Morris v. Equitable Real Estate Invest.
Mgt., Inc.* (1999), 136 Ohio App.3d 331.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990333.

Decided Dec. 23, 1999.

■■■■■■■■■■

■■■

■■■■■■■■■■■■■■■■■■■■

■■■

■■■■■■■■■■■■■■■

*Vorys, Sater, Seymour & Pease, Glenn V. Whitaker, Rodney L. Drinnon* and *Joseph J. Hochbein,* for appellants.

*Lindhorst & Dreidame, Leo J. Breslin* and *Brian M. Kneafsey, Jr.,* for appellees.

---

PAINTER, Judge.

Plaintiff-appellant Elizabeth Kerr–Morris fell in a shower in a Ramada Inn Hotel controlled by defendants-appellees Equitable Real Estate Investment Management, Inc., and Plaza Hotel Management (referred to collectively as "the hotel"). Kerr–Morris and her husband (referred to collectively as "Kerr–Morris") brought a negligence suit, with claims for loss of consortium, against the hotel. (The suit was also against other defendants. Those defendants, though, either were dismissed or had summary judgment granted in their favor, and this appeal does not involve them.) The trial court granted summary judgment in favor of the hotel, and Kerr–Morris now appeals.

■■ In her sole assignment of error, Kerr–Morris asserts that the trial court erred in granting summary judgment. A summary judgment motion is appropriately granted if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact remains to be litigated, and that the evidence demonstrates that reasonable minds can only come to a conclusion that is adverse to the party opposing the motion.[1] Appellate review of a lower court's entry of summary judgment is *de novo.*[2] Here, we agree with Kerr–Morris and conclude that a genuine issue of material fact exists concerning the hotel's alleged negligence.

---

1. Civ.R. 56(C).

2. See *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272, 1274.

In arguing below that a genuine issue of fact existed, Kerr–Morris presented evidence that included (1) her own deposition, (2) an affidavit and deposition of Stephen Stearns, an expert in hotel management, (3) an affidavit of Alan Printer, another expert in hotel management, (4) the standards of the hotel that were in effect when she fell, and (5) photographs of the shower. As a preliminary matter, we note that there appears to be some confusion as to what evidence was properly before the trial court. Kerr–Morris suggests that the trial court should have, but did not, consider the fourth and fifth items, the standards and the photographs, respectively. But the hotel concedes that those items were properly before the court. Thus, we will consider them as part of our review.

The heart of this matter involves the presence of nonslip strips on the bottom of the shower in question. Kerr–Morris points out that some of these strips had worn away before she fell. According to her, the hotel was negligent in allowing these strips to wear away. She claims that, if all the strips had been in place, she would not have fallen. On the other hand, the hotel contends that the slipperiness of the shower was an open and obvious danger. The hotel points out that Kerr–Morris did not look down when she got into the shower or before she fell. If she had, the hotel claims, she would have noticed that some of the strips had worn away.

 The general principle of law in cases such as this one is that the hotel owes a duty to its guests, or invitees, to exercise ordinary or reasonable care for their safety. This duty includes maintaining the premises in a reasonably safe condition and warning the invitees of latent defects of which the hotel has or should have knowledge. But the hotel does not have to protect invitees from open and obvious dangers that invitees may be reasonably expected to discover themselves.[3]

Somewhat surprisingly, the issue of falls in hotel showers has not received much attention in Ohio courts, at least on the appellate level. The cases that have addressed the issue have held either that the hotels had no duty to place safety devices, such as nonslip strips, in the showers, or that the risks of slipping in the showers were open and obvious.[4]

---

3. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 203, 18 OBR 267, 268, 480 N.E.2d 474, 475; *Gillentine v. Econo Lodge/Beavercreek* (July 2, 1998), Greene App. No. 97 CA 136, unreported, 1998 WL 350575 (slip and fall in hotel shower); *Churchwell v. Red Roof Inns, Inc.* (Mar. 24, 1998), Franklin App. No. 97APE08–1125, unreported, 1998 WL 134329 (same).

4. See *Gillentine, supra; Churchwell, supra; Coyle v. Beryl's Motor Hotel* (App.1961), 85 Ohio Law. Abs. 492, 171 N.E.2d 355.

But, here, we conclude that one key, distinguishing factor is present: the hotel had placed nonslip strips in the shower, but had let some of those strips wear away. According to the evidence presented by Kerr–Morris, which included testimony of two experts in hotel management, the hotel should have known that the strips had worn away. Kerr–Morris testified that she made sure that she had secure footing when she stepped into the shower, and, according to the evidence, she would not have fallen if all the strips had been present. Also, the hotel's own standards stated that showers were to have either nonslip strips or rubber bath mats. In view of the fact that the hotel undertook a duty to provide nonslip strips in the shower (it did not provide a rubber bath mat for Kerr–Morris), we conclude that a genuine issue of fact exists regarding whether the hotel breached its duty to reasonably maintain those strips.[5]

Further, although Kerr–Morris may not have looked down before she fell, the evidence presented by her suggests that, even if she had looked down, she would not have realized that the nonslip strips were missing. As revealed by her evidence, yellow marks remained on the shower floor, which disguised the fact that the strips had worn away. With this evidence viewed in the light most favorable to Kerr–Morris, we cannot conclude that the condition of the floor was so open and obvious as to negate the hotel's duty of care for the safety of its guests; at the very least an issue of fact exists in this respect.[6] Thus, we hold

---

**5.** See *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 227, 525 N.E.2d 468, 474 ("once a duty is undertaken voluntarily, it must be performed with ordinary care").

**6.** We note that, in Ohio, some courts continue to uphold the viability of the open-and-obvious doctrine as a complete bar to a plaintiff's recovery in slip-and-fall cases. See, *e.g.*, *Chapman v. Meinke* (Dec. 19, 1997), Lucas App. No. L–97–1145, unreported, 1997 WL 796477; *Anderson v. Ruoff* (1995), 100 Ohio App.3d 601, 654 N.E.2d 449. But courts in other states have concluded that the open-and-obvious doctrine should not always be a complete bar; rather, it should only be a factor to be taken into account in determining a plaintiff's comparative negligence. See, *e.g.*, *Rockweit v. Senecal* (1995), 197 Wis.2d 409, 541 N.W.2d 742; *Donohue v. San Francisco Hous. Auth.* (1993), 16 Cal.App.4th 658, 20 Cal.Rptr.2d 148; *Robertson v. Magic Valley Regional Med. Ctr.* (1990), 117 Idaho 979, 793 P.2d 211; *Tharp v. Bunge Corp.* (Miss.1994), 641 So.2d 20; *Donahue v. Durfee* (Utah App.1989), 780 P.2d 1275; *Woolston v. Wells* (1983), 63 Or.App. 7, 663 P.2d 408; *Parker v. Highland Park, Inc.* (Tex.1978), 565 S.W.2d 512. Also, courts throughout the country have adopted Section 343A of Restatement of the Law 2d, Torts (1965), which provides that a possessor of land is liable for harm caused by obvious dangers if the possessor should have anticipated the harm. It would seem that hotels should anticipate harm from the dangerous nature of slick-floored showers or bathtubs. See Modern Status of the Rule Absolving a Possessor of Land of Liability to Those Coming Thereon for Harm Caused by Dangerous Physical Conditions of Which the Injured Party Knew and Realized the Risk (1971), 35 A.L.R.3d 230, 1971 WL 28637; *Coln v. Savannah* (Tenn.1998), 966 S.W.2d 34 (summarizing approaches taken by courts).

In addition, in recent years, the Ohio Supreme Court has limited the applicability of the open-and-obvious doctrine. See *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 597 N.E.2d 504; see, also, *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 693 N.E.2d 271 (not applying the open-and-obvious doctrine in a case where the

that the alleged negligence of the hotel could not be determined as a matter of law. While a factfinder might ultimately conclude that the hotel was not negligent, or that Kerr–Morris was comparatively negligent, summary judgment at this point is not appropriate.

Therefore, we sustain Kerr–Morris's sole assignment. The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

WINKLER, J., concurs.

HILDEBRANDT, P.J., dissents.

HILDEBRANDT, Presiding Judge, dissenting.

Because I believe the trial court properly granted summary judgment in this case, I respectfully dissent. The majority bases its reversal of summary judgment solely on its conclusion that a genuine issue of fact remains as to whether the hotel voluntarily undertook, and then breached, a duty to Kerr–Morris. However, the majority improperly applies the voluntary-undertaking doctrine to the facts of this case.

As this court has previously held, "when one undertakes a duty voluntarily, *and another reasonably relies on that undertaking*, the volunteer is required to exercise ordinary care in completing the duty." [7] (Emphasis added.) In the case at bar, though, the record is devoid of any indication that Kerr–Morris relied, much less reasonably relied, on the voluntary undertaking of the hotel to supply nonslip strips. In her deposition, Kerr–Morris explicitly states that she did not even look at the floor of the shower before she stepped in. Moreover, she does not indicate that she relied on the presence of the strips at any time during her use of the shower, specifically testifying in her deposition that she never looked down prior to her fall. Absent the proof of such reliance, liability cannot attach, even if the hotel had voluntarily assumed a duty to supply the strips. I would

---

plaintiff tripped over a bucket on a sidewalk—it was at least open and obvious that the doctrine might apply, yet the court made no mention of it and cast the issue in terms of comparative negligence). While we do not decide the issue of the viability of the open-and-obvious doctrine in this appeal, as it was not argued by the parties, this author, at least, suggests that the doctrine has lost its fundament after the advent of comparative negligence.

7. *Albright v. Montgomery Inn, Inc.* (Aug. 16, 1995), Hamilton App. No. C–940747, unreported, 1995 WL 481485, at *2, citing Restatement of the Law 2d, Torts (1965), Section 323.

therefore hold that summary judgment was proper and would affirm the judgment of the trial court. Accordingly, I dissent.