*128 Pfeifer, J.,
dissenting.
{¶ 32} Albert Lang was injured while on the premises of the Holly Hill Motel, allegedly, at least in part, because of building-code violations. This court today decides that Mr. Lang’s widow cannot proceed with a lawsuit, because the building-code violations that allegedly caused, at least in part, Mr. Lang’s injuries, and hastened his death, were open and obvious. This court again embraces the legal concept that “ ‘[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises,’ ” quoting Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus. In doing so, this court clings to the past and ignores a modern trend in the law.
{¶ 33} The open-and-obvious doctrine is a holdover from the days of contributory negligence. Id. at ¶ 17 (Pfeifer, J., dissenting). Now that contributory negligence has been replaced by the General Assembly with comparative fault, R. C. 2315.32 through 2315.36, the open-and-obvious doctrine should not be an absolute bar to recovery. 1 Comparative Negligence Manual (3d Ed.1995 & Supp.2003), Section 1:23 (“several jurisdictions have concluded that the adoption of comparative negligence requires abolition of the ‘no duty’ rule providing that a possessor of land owes no duty to warn a person on the premises, such as an invitee or a licensee, of open and obvious dangers. The rationale is that this rule is incompatible with comparative negligence principles, since its effect would be to resurrect contributory negligence as an absolute bar to recovery in certain cases involving premises liability” [footnote omitted]).
{¶ 34} The unfairness of the open-and-obvious doctrine has been recognized by many commentators and courts. One commentator has stated that “[a]n undeniable legal error is committed every time a court bars recovery to an injured person based solely on the fact that the perilous nature of the alleged cause of harm was ‘apparent to all,’ without any consideration of the multitude of other factors which may justify or excuse the plaintiffs conduct.” Phillips, Assumption of the Risk Returns in Disguise as the Open and Obvious Doctrine Defense, 30 ISBA Tort Trends (1995) 4, 10. The modern trend is away from application of the open-and-obvious doctrine. Tharp v. Bunge Corp. (Miss.1994), 641 So.2d 20, 24 (“Emerging from other jurisdictions is a modern trend toward holding that the obviousness of a danger does not necessarily relieve the owner’s duty of care”); Ward v. K Mart Corp. (1990), 136 Ill.2d 132, 150, 143 Ill.Dec. 288, 554 N.E.2d 223 (“The manifest trend of the courts in this country is away from the traditional rule absolving, ipso facto, owners and occupiers of land from liability for injuries resulting from known or obvious conditions”). In Coln v. Savannah (Tenn.1998), 966 S.W.2d 34, 43, overruled on other grounds, Cross v. Memphis (Tenn.2000), 20 S.W.3d 642, 644, the Supreme Court of Tennessee joined this trend in concluding *129 that an open and obvious danger “does not, ipso facto, relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm.”
{¶ 35} I agree with the Supreme Court of New Mexico that “[a] risk is not made reasonable simply because it is made open and obvious to persons exercising ordinary care.” Klopp v. Wackenhut Corp. (1992), 113 N.M. 153, 157, 824 P.2d 293. I also agree with that court’s holding that “it is for the jury to decide in virtually every case whether a dangerous condition on the premises involved ‘an unreasonable risk of danger to a business visitor’ and whether the occupier ‘should reasonably anticipate that the business visitor will not discover or realize the [obvious] danger.’” Id. at 158-159, 824 P.2d 293, quoting New Mexico Uniform Jury Instructions, 13-1310, citing Harrison v. Taylor (1989), 115 Idaho 588, 768 P.2d 1321 (abolishing open-and-obvious-danger doctrine in light of adoption of comparative negligence); Cox v. J.C. Penney Co. (Miss.1987), 741 S.W.2d 28 (same); Woolston v. Wells (1984), 297 Or. 548, 687 P.2d 144 (same); Parker v. Highland Park, Inc. (Tex.1978), 565 S.W.2d 512 (same); Hale v. Beckstead (Utah 2005), 116 P.3d 263 (same); O’Donnell v. Casper (Wyo.1985), 696 P.2d 1278 (same). I would abrogate the open-and-obvious doctrine.
{¶ 36} In the case before us, the dangers were open because they were not hidden, but they were not obvious. The presence or absence of a handrail is not obvious until one reaches for it and it is either there or not. The proper height of a step, as prescribed by building codes, is not obvious, especially to a nonprofessional, without taking measurements. The building code violations that allegedly caused Mr. Lang’s injuries were open, but they were not obvious. This case presents an example of why the open-and-obvious doctrine should be abrogated: it does not allow the consideration of all the factors that are relevant to determine negligence or fault.
{¶ 37} Even so, it is not necessary to abrogate the open-and-obvious doctrine to properly resolve this case. Building-code violations are different from other open and obvious dangers because building codes are administrative rules and therefore “are to be given the force and effect of law.” Doyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46, 554 N.E.2d 97, paragraph one of the syllabus. This is so because “ ‘[t]he purpose of administrative rulemaking is to facilitate the administrative agency’s placing into effect the policy declared by the General Assembly in the statutes to be administered by the agency. In other words, administrative agency rules are an administrative means for the accomplishment of a legislative end.’ ” Id. at 47, 554 N.E.2d 97, quoting Carroll v. Dept. of Adm. Servs. (1983), 10 Ohio App.3d 108, 110, 10 OBR 132, 460 N.E.2d 704. See Youngstown Sheet & Tube Co. v. Lindley (1988), 38 Ohio St.3d 232, 234, 527 *130 N.E.2d 828, quoting Kroger Grocery & Baking Co. v. Glander (1948), 149 Ohio St. 120, 125, 36 O.O. 471, 77 N.E.2d 921 (“An administrative rule, ‘ * * * issued pursuant to statutory authority, has the force and effect of law unless it is unreasonable or is in clear conflict with statutory enactment governing the same subject matter’ ”). The majority opinion minimizes the standing of administrative rules, relying on Chambers v. St. Mary’s School (1998), 82 Ohio St.3d 563, 697 N.E.2d 198, and clearly considers them not worthy of the force and effect of law. There is even the suggestion that because administrative rules are changed so frequently, compliance with them is virtually impossible and, therefore, apparently optional. I do not have such a blasé attitude toward administrative rules. They are the law, unless unreasonable or contrary to statute, and compliance with them is mandatory; the failure to comply with them should have consequences.
Manley Burke, L.P.A., Emily T. Supinger, and Matthew W. Fellerhoff, for appellant.
Sowash, Carson & Ferrier, L.P.A., Herman A. Carson, and Beth B. Ferrier, for appellee Holly Hill Motel.
Weston Hurd, L.L.P., Kevin R. Bush, and Steven G. Carlino, for appellee Rodney McCorkle.
Gallagher Sharp and Timothy J. Fitzgerald, urging affirmance for amicus curiae, Ohio Association of Civil Trial Attorneys.
{¶ 38} I agree with the majority opinion that the violation of an administrative rule, in this case, a building code, should not be negligence per se. See id. at 568, 697 N.E.2d 198 (“we hold that the violation of an administrative rule does not constitute negligence per se ”). Because administrative rules are law, however, I do not believe that this court should, in essence, look the other way when the violation of a building-code provision allegedly results in injury. Instead, I believe that when a material building-code violation allegedly causes an injury, the building-code violation is evidence of negligence sufficient to get the plaintiff past summary judgment, even when the defendant asserts the anachronistic open-and-obvious doctrine. I dissent.