NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUSIE W. HAILE, | No. 14-36050 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00053-KI |
| v. | |
| HICKORY SPRINGS MANUFACTURING COMPANY, a North Carolina company, | MEMORANDUM[*] |
| Defendant-third-party-plaintiff-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted June 8, 2017[**]
Portland, Oregon

Before: TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

In this premises liability action, self-employed truck driver Musie W. Haile

appeals the district court's grant of summary judgment to Hickory Springs

Manufacturing Company ("Hickory"). Haile delivered a sealed intermodal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

container to Hickory's facility in Portland, Oregon. While Haile was opening the container on Hickory's premises, two 600-pound bales of scrap foam fell from the container, causing the container door to strike Haile in the head and severely injure him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under Oregon law, "it is the duty of the possessor of land to make the premises reasonably safe for [an] invitee's visit." *Woolston v. Wells*, 687 P.2d 144, 150 (Or. 1984) (en banc). The possessor satisfies this duty by "discover[ing] conditions of the premises that create an unreasonable risk of harm to the invitee," and "either [] eliminat[ing] the condition creating that risk or [] warn[ing] any foreseeable invitee of the risk so as to enable the invitee to avoid the harm." *Id.*

The district court properly granted summary judgment to Hickory on Haile's premises liability claim because Haile's harm was not the result of a condition on Hickory's property. Haile was harmed by a shift in cargo in a container that Haile himself brought onto Hickory's premises. This container and the scrap foam within it are not a condition of Hickory's property, and there is no Oregon precedent supporting premises liability in such circumstance.

We are unpersuaded that the Supreme Court of Oregon would expand its premises liability doctrine to allow liability here. *See Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1125 (9th Cir. 2008). Haile contends that Hickory was aware that cargo sometimes shifted in containers delivered to its

2

premises; was aware that cargo sometimes rested against the doors of containers; and was aware that cargo sometimes fell out of those containers. He contends that, under these circumstances, the Supreme Court of Oregon would recognize a duty to warn Haile that the cargo he carried may be dangerously unsecured.

But the general foreseeability of harm is the basis for the standard of care in a negligence action, not one for premises liability. *See Fazzolari By & Through Fazzolari v. Portland Sch. Dist. No. 1J*, 734 P.2d 1326, 1336 (Or. 1987) (en banc). To expand Oregon's law of premises liability to encompass all foreseeable risks of harm would erase any distinction between premises liability and negligence, contrary to recent Oregon precedent emphasizing the distinction between the two theories of relief. *See Towe v. Sacagawea, Inc.*, 347 P.3d 766, 775 (Or. 2015); *Hagler v. Coastal Farm Holdings, Inc.*, 309 P.3d 1073, 1079–80 (Or. 2013) (en banc). We conclude that the Supreme Court of Oregon would not expand Oregon's common law of premises liability to encompass Haile's claim.

Because we hold that Haile's premises liability claim fails under state law, we need not, and do not, address Hickory's asserted preemption defense under Federal Motor Carrier Safety Regulations.

**AFFIRMED.**