COLLEEN MARY O'TOOLE, J.
{¶ 1} Rebecca L. Brink appeals from the grant of summary judgment to Giant Eagle by the Trumbull County Court of Common Pleas in her tort action against the store. Ms. Brink passed a bad check at the store, which she ultimately paid off. She asserts that Giant Eagle voluntarily undertook a duty to her to inform the Girard Municipal Court she had paid her debt, after a criminal complaint issued against her from that court, and breached that duty, resulting in her arrest. Finding no reversible error, we affirm.
{¶ 2} March 21, 2015, Ms. Brink purchased $211.88 of groceries at the Giant Eagle in Liberty Township, Trumbull County, Ohio. She paid by check, getting $30 "cash back," as well.
{¶ 3} The check bounced. Giant Eagle telephoned Ms. Brink March 26, 2015 to tell her this: she promised to come in and pay the amount owed, along with a $6 fee, but failed to do so. Scott Renzenbrink, the co-manager of the Giant Eagle, who is in charge of loss prevention, testified at deposition he sent Ms. Brink a letter requesting payment April 8, 2015. In her deposition, Ms. Brink denied receiving the letter. When Ms. Brink did not come to the store to pay, Mr. Renzenbrink went to the Girard Municipal Court, and filed an affidavit accusing her of passing a bad check. A criminal complaint issued against Ms. Brink, which she received May 15, 2015. The complaint informed her she had to appear in court June 2, 2015.
{¶ 4} At her deposition, Ms. Brink testified she called the Girard Municipal Clerk of Courts, and spoke with a clerk to find out how to proceed. The following testimony from her deposition is relevant:
{¶ 5} Counsel for Giant Eagle: "What did they tell you?"
{¶ 6} Ms. Brink: "That I needed to pay that fine within seven to ten days to Giant Eagle-seven to ten days prior to me having to appear in court, and that Scott Renzenbrink would then notify them of my payment."
{¶ 7} "* * *
*825 {¶ 8} Counsel for Giant Eagle: "The clerk told you that if you made payment in seven to ten days * * *"
{¶ 9} Ms. Brink: "Prior to the court date."
{¶ 10} Counsel for Giant Eagle: "Prior to the court date, that Scott would then let them know?"
{¶ 11} Ms. Brink: "Yes."
{¶ 12} Counsel for Giant Eagle: "Then what? I'm sorry."
{¶ 13} Ms. Brink: "That I would not have to appear on the 2nd of June."
{¶ 14} Ms. Brink further testified she went to Giant Eagle May 22, 2015, and paid a young man in customer service the money owed. At her deposition, she testified:
{¶ 15} Ms. Brink: "They had my check. I just informed the person working behind the counter, which is this young man's signature there, that I was there to pay on a returned check. He said, 'What's your name?' I gave him my name as Rebecca Brink. He came back out with my check. He requested that I give him $247.88. That is what I paid him.
{¶ 16} "I asked for the receipt, and then he said, 'Yeah, let me handwrite that.' He gave me this receipt and my check back.
{¶ 17} "* * *
{¶ 18} Counsel for Giant Eagle: "When he gave you the receipt, what specifically did the gentleman tell you?"
{¶ 19} Ms. Brink: "I specifically asked the gentleman if this matter would be notified to the Girard Court, if it would be taken care of with the Girard Court. And he informed me that Mr. Renzenbrink will handle Girard Court as he always does. He actually called him Scott."
{¶ 20} Counsel for Giant Eagle: "The man said that Scott would handle it?"
{¶ 21} Ms. Brink: "Scott will handle it; he will do what he does with them all the time."
{¶ 22} "* * *
{¶ 23} Counsel for Giant Eagle: "You asked * * *
{¶ 24} Ms. Brink: "* * * would the matter be taken care of with Girard Court."
{¶ 25} Counsel for Giant Eagle: "I'd like you to be verbatim as you can. If you can give me word for word what you said and what he said."
{¶ 26} Ms. Brink: "Will this matter be given to Mr. Renzenbrink to handle with Girard Court?"
{¶ 27} Counsel for Giant Eagle: "Okay. That's what you said."
{¶ 28} Ms. Brink: "The gentleman said, 'He will be notified in the morning that this matter has been made, and he will handle it however he handles this matter.' "
{¶ 29} In her affidavit in opposition to Giant Eagle's motion for summary judgment, Ms Brink testified as follows regarding her payment of the money owed on the bad check:
{¶ 30} "Then and there, she further inquired into whether Scott would then 'take care of it' with the Court before her scheduled court date, to which the young man replied, 'Yes, Scott will take care of it like he always does,' or words of similar import."
{¶ 31} Mr. Renzenbrink was also deposed. He testified that the procedure when someone comes into pay off a bad check is to give the person a receipt, and tell them to take it to the municipal court's clerk. Mr. Renzenbrink goes to the Girard Municipal Court Clerk's office every Wednesday. If a person who passed a bad *826 check has been in to give the clerk a receipt showing payment to Giant Eagle, the clerk gives him a form to sign. The criminal complaint is then dismissed by the court.
{¶ 32} In this case, Ms. Brink never took the receipt to the clerk's office. She did not attend her hearing date June 2, 2015, and was thereafter arrested and briefly detained.
{¶ 33} Ms. Brink filed this action July 31, 2015. Giant Eagle answered August 28, 2015, and filed for summary judgment October 11, 2016. Ms. Brink opposed the motion October 21, 2016. The trial court granted summary judgment November 3, 2016. Ms. Brink timely noticed appeal, assigning a single error: "The trial court erred in entering summary judgment in Defendant's favor below." She presents the following issue for review: "Whether one has a tort duty to perform a gratuitous undertaking with ordinary care where another reasonably relies on that undertaking and is injured as a proximate result of its breach."
{¶ 34} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. Davis v. Loopco Industries, Inc. , 66 Ohio St.3d 64, 66 [609 N.E.2d 144] (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. See e.g. Civ.R. 56(C).
{¶ 35} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. Dupler v. Mansfield Journal Co. , 64 Ohio St.2d 116, 121 [413 N.E.2d 1187] (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. Murphy v. Reynoldsburg , 65 Ohio St.3d 356, 359 [604 N.E.2d 138 ](1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. Pierson v. Norfork Southern Corp. , 11th Dist. No. 2002-A-0061, 2003-Ohio-6682 [2003 WL 22931361], ¶ 36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 251-252 [106 S.Ct. 2505, 91 L.Ed.2d 202] (1986). On appeal, we review a trial court's entry of summary judgment de novo. Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105 [671 N.E.2d 241] (1996). Meloy v. Circle K Store , 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837 [2013 WL 3367058], ¶ 5-6.
{¶ 36} Ms. Brink argues Giant Eagle is liable to her for negligence in failing to inform the Girard Municipal Court she had paid her debt.
{¶ 37} "To establish a claim for negligence, [plaintiff] must prove the following: '(1) that [defendant] owed a duty to [plaintiff]; (2) that [defendant] breached that duty; (3) that [defendant's] breach of duty directly and proximately caused [plaintiff's] injury; and (4) damages.' Kornowski v. Chester Properties, Inc. , 11th Dist. No. 99-G-2221 [2000 WL 895594, at *3] (June 30, 2000)." Wike v. Giant Eagle, Inc. 11th Dist. Portage No. 2002-P-0049, 2003-Ohio-4034, 2003 WL 21750626, ¶ 14.
{¶ 38} Ms. Brink argues that Giant Eagle voluntarily undertook a duty toward her to inform the Girard Municipal Court that she had paid her debt, and breached *827 that duty, thus causing her arrest for failing to appear at her court hearing.
{¶ 39} A party can voluntarily undertake a duty toward another, leading to potential liability in tort.
{¶ 40} "2 Restatement of the Law 2d, Torts (1965), Section 323, negligent performance of an undertaking to render service, * * * states:
{¶ 41} " 'One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
{¶ 42} " '(* * *)
{¶ 43} " '(b) the harm is suffered because of the other's reliance upon the undertaking.'
{¶ 44} "The theory of recovery under Section 323(b) is that 'when one undertakes a duty voluntarily, and another reasonably relies on that undertaking, the volunteer is required to exercise ordinary care in completing the duty.' Kerr-Morris v. Equitable Real Estate Invest. Mgt., Inc. (1999), 136 Ohio App.3d 331, 335 [736 N.E.2d 552], * * *. In other words, '(a) voluntary act, gratuitously undertaken, must be (* * *) performed with the exercise of due care under the circumstances.' Briere v. Lathrop Co. (1970), 22 Ohio St.2d 166, 172 [258 N.E.2d 597], * * *. This theory of negligence does not require proof of a special relationship between the plaintiff and the defendant, or proof of somewhat overwhelming circumstances. This type of negligence follows the general rules for finding negligence, with the addition of one extra element of proof, that of reasonable reliance by the plaintiff on the actions of the defendant." (Parallel citations omitted.) Douglass v. Salem Community Hosp. , 153 Ohio App.3d 350, 2003-Ohio-4006, 794 N.E.2d 107, ¶ 70-74 (7th Dist.).
{¶ 45} In support of her contention that Giant Eagle undertook a duty toward her, Ms. Brink cites her testimony, both at deposition, and in her affidavit opposing summary judgment, that she asked the clerk she paid at Giant Eagle whether Mr. Renzenbrink would take care of the matter with the Girard Municipal Court, and was given the reply that he would handle it, or take care of it, "as he always does." Giant Eagle counters there is a discrepancy between Ms. Brink's deposition testimony, and that in her affidavit, and cites to Byrd v. Smith , 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, paragraph three of the syllabus, stating: "An affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment."
{¶ 46} We must disagree with Ms. Brink's construction of her deposition and affidavit testimony. As noted above, her verbatim recollection of what the Giant Eagle clerk who she paid said was " '[Mr. Renzenbrink] will handle it however he handles this matter.' " Further, in her affidavit, she again stated that the clerk told her, " '[Mr. Renzenbrink] will take care of it like he always does.' " This did not provide her assurance that Giant Eagle would notify the Girard Municipal Court she had paid the debt.[1] Further, even if we found *828 her testimony created a genuine issue of material fact regarding whether Giant Eagle volunteered to inform the Girard Municipal Court she had paid her debt, we still would not find liability.
{¶ 47} First, "[u]nder Ohio law, a claim for breach of a voluntarily undertaken duty must allege physical injury." Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc. , 23 F.Supp.2d 771, 794 (N.D.Ohio 1998). Ms. Brink's complaint does not allege she suffered any physical injury. Rather, the damages alleged are:
{¶ 48} "As a direct and proximate result of Defendant's stated reticence and Plaintiff's ensuing failure to appear, the Court issued a bench warrant for Plaintiff's arrest for her failure to appear, as a further direct and proximate result of which Plaintiff was, in fact, publicly arrested on 6/25/15; paid the sum of $500.00 to a bondsman for her release; again appeared and answered to the court; and experienced attendant shame, embarrassment and humiliation over the entire episode."
{¶ 49} In sum, Ms. Brink is alleging monetary damages, and emotional distress. This will not support the cause of action.
{¶ 50} Second, as the trial court observed, the cause of action set forth at 2 Restatement of the Law 2d, Torts, Section 323 (1965), requires that a plaintiff's reliance on the defendant's voluntary undertaking be "reasonable." Douglass, supra , at ¶ 74. The trial court correctly held Ms. Brink could not reasonably rely on Giant Eagle to obtain the dismissal of the criminal complaint against her. Giant Eagle was the victim in this case. Victims of crimes are not parties to criminal actions: the state and the defendant are. State v. Godfrey , 3rd Dist. Wyandot Nos. 16-12-06, 2013-Ohio-3396, 2013 WL 4007551, ¶ 16.
{¶ 51} The assignment of error lacks merit.
{¶ 52} The judgment of the Trumbull County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J.,
THOMAS R. WRIGHT, J.,
concur in judgment only.

Interestingly, Ms. Brink was also questioned at the deposition about her eventual appearance in the Girard Municipal Court. She testified she told the judge what had happened, and the judge turned to the clerk and asked, " 'You mean Giant Eagle never notified us of this being paid?' " Ms. Brink testified the clerk replied, " 'No, I haven't heard from Scott on this matter.' " The judge then asked Ms Brink how she would plead, to which she replied no contest. However, the judge held, " 'No, you are not guilty.' "