[Cite as *State v. Hill*, 2024-Ohio-1213.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ROBERT J. HILL,

        Defendant,

(CHERIE EVAN,

        Appellant).

**CASE NO. 2023-T-0072**

Criminal Appeal from the
Central District Court

Trial Court No. 2023 CRB 00155

---

## O P I N I O N

Decided: March 29, 2024
Judgment: Reversed and vacated

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jeffrey V. Goodman*, Fowler, Goodman & O'Brien, LPA, Inc., 119 West Market Street, Warren, OH 44481 (For Appellant, Cherie Evan).

MATT LYNCH, J.

{¶1} Appellant, Cherie Evan, appeals from the judgment of the Trumbull County Court, Central District, ordering her to return property to defendant, Robert Hill. For the following reasons, we reverse and vacate the lower court's order that Evan return property to Hill.

{¶2} Hill was charged with Menacing by Stalking in the Trumbull County Court,

Central District. Pursuant to the incident report, the offense occurred when Hill, who used to date Evan, refused to leave her driveway. Hill reported to Bazetta Police Department officers that Evan had certain property of his that she would not return, which included tools, a trailer, and snowmobiles. Documentation relating to Hill's purchase/ownership of various items was made part of the record.

{¶3} During the proceedings, Evan moved for and received a Criminal Protection Order against Hill. On July 19, 2023, Hill pled guilty to an amended charge of Criminal Mischief, a misdemeanor of the first degree, in violation of R.C. 2909.07.

{¶4} A sentencing hearing was held on September 13, 2023. During the hearing, the court raised the issue of the disputed property and indicated that it would order Evan to return certain property to Hill. Counsel for Evan was present and argued that the court did not have jurisdiction to address matters relating to property in the possession of the victim. On that date, the court issued two orders. One sentenced Hill for Criminal Mischief. The second order stated: "alleged victim [Evan] to surrender all property in her possession clearly titled in Defendant's name within 48 hours. Failure to comply will result in contempt proceedings."

{¶5} Evan appeals and raises the following assignments of error:

{¶6} "[1.] The trial court committed error by issuing a civil order of replevin against a non-party in a criminal case without jurisdiction; denying victim/appellant due process of law, and absent any sworn testimony or evidence.

{¶7} "[2.] The trial court committed error by threatening criminal prosecution of a non-party solely to encourage settlement of civil property issues which were not before the court."

2

Case No. 2023-T-0072

{¶8} In her first assignment of error, Evan argues that the trial court lacked jurisdiction to issue a civil order of replevin to a non-party in criminal proceedings and did so without providing due process as no testimony was taken on the property ownership. The State concedes that Evan's arguments have merit, observing that a victim is not a party to a criminal case and the court lacked jurisdiction over Evan.

{¶9} "The victim of an alleged crime is not a party to the criminal proceedings against the defendant." *State v. Montgomery*, 169 Ohio St.3d 84, 2022-Ohio-2211, 202 N.E.3d 616, ¶ 16; *Brink v. Giant Eagle*, 2017-Ohio-7960, 98 N.E.3d 822, ¶ 50 (11th Dist.) ("[v]ictims of crimes are not parties to criminal actions: the state and the defendant are").

{¶10} It has been consistently held that a trial court does not have jurisdiction over non-parties in criminal proceedings and cannot issue orders to such individuals. In *State v. Dudas*, 11th Dist. Lake No. 2007-L-169, 2008-Ohio-3261, a criminal defendant convicted of corrupt activity charges filed a motion requesting an order that victims of the corrupt activity return property he claimed they had stolen. This court held that "the [victims] were not parties in appellant's criminal cases," and the "trial court would have had no jurisdiction to order them to do anything." *Id.* at ¶ 19. *See also Zipfel v. Reimonenque*, 6th Dist. Lucas No. L-19-1083, 2019-Ohio-5151, ¶ 19 ("[a] criminal court may not adjudicate property rights against non-parties, and without personal jurisdiction, any order purporting to do so is a nullity"); *State v. White*, 2018-Ohio-2573, 115 N.E.3d 878, ¶ 15 (2d Dist.) ("In a criminal proceeding, the trial court does not have authority to deprive a third party * * * of the possession of property" since such party "cannot be afforded an opportunity to assert its rights in a criminal proceeding to which it is not a party" and the proper remedy to address a property dispute is through civil proceedings).

3

{¶11} Evan correctly asserts that the trial court did not have jurisdiction to order her, as a victim and non-party to the proceedings, to return property to Hill. The State concedes this is the case. We reverse and vacate the court's order that Evan "surrender all property in her possession clearly titled in Defendant's name."

{¶12} The first assignment of error is with merit.

{¶13} In her second assignment of error, Evan argues it was improper to use the threat of criminal prosecution to coerce her to concede civil property claims. As the resolution of the first assignment of error is dispositive in this matter, we find this assignment to be moot.

{¶14} The second assignment of error is moot.

{¶15} For the foregoing reasons, the judgment of the Trumbull County Court, Central District, ordering Evan to return property to Hill, is reversed and vacated. Costs to be taxed against appellee.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.